CASE 112—PROSECUTION AGAINST WILBUR HOPKINS FOR MURDER.—
APRIL 15.

# Hopkins v. Commonwealth.

### APPEAL FROM KNOX CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.    AFFIRMED.

HOMICIDE—ILLNESS OF DECEASED—HASTENING DEATH—CONTINUANCE
—ABSENT WITNESS—AFFIDAVIT AS DEPOSITION.

Held:  1. If one unlawfully wounds another, and thereby hastens or
accelerates his death by reason of some disease with which he
is afflicted, the wrongdoer is guilty of homicide.
2. It was not error on a prosecution for murder to refuse a con-
tinuance on the ground of the absence of a witness, where de-
fendant's affidavit as to what the witness would testify to was
read as a deposition.

F. D. SAMPSON, FOR APPELLANT.

### POINTS.

The defendant was indicted for the crime of wilful murder,
tried and convicted of voluntary manslaughter and given a sen-
tence to the penitentiary of fifteen years.  This appeal is pros-
ecuted to reverse that judgment for the following reasons:

1. Because the court refused to grant to the defendant a
continuance of the case at the term of court at which it was
tried, and at which time it was utterly impossible for him to
secure the attendance of his witness, and was therefore de-
prived of the benefit of their testimony.

2. Because the court misinstructed the jury as to the law of
the case, and further did not give to the jury an instruction
which covered the most material part of the defendant's evi-
dence in defense, viz., That which tended to prove that the
death of the man shot was not caused by the infliction of
the wound by defendant but from the disease known as con-
sumption.  Bush v. Com., 78 Ky., 271.

3. The defiitions of the word "feloniously" was improperly in-

corporated into the instructions, and is incorrect and mislead-
ing.

So also the definition of the words "malice aforethought" is
incorporated and is incorrect.

N. B. HAYS, ATTORNEY GENERAL, FOR COMMONWEALTH.

1. The complaint as to instruction No. 1 is captious.  The
words, "so shot and wounded George M. Cole as to cause or
hasten his death within a year," was sufficiently plain to en-
able a jury of ordinary understanding to know that the death
of Cole must have occurred within a year in order that said
act of appellant be considered murder or manslaughter.

2. Though deceased may have died of some other disease al-
ready operating on him, it is enough if the wound hastened
his death.    Bishop's Crim. Law, vol. 2, page 639; State v.
Morea, 2 Ala., 275, 65 Cal., 532, 48 Cal., 61.

3. No compulsory process was asked for the absent witness
although he resided within the jurisdiction of the court, and
the defendant's affidavit as to what he would swear, if pres-
ent, was read to the jury as his deposition.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

Appellant was indicted by the grand jury of Knox county,
charged with the wilfull murder of George M. Cole.  A
trial resulted in a conviction of the accused, and his sentence
to the penitentiary for the term of 15 years.

The grounds urged for a new trial are:  First, that the
verdict was against the law and the evidence; second, that
the court misinstructed the jury in this: That the first in-
struction directs the jury to convict the defendant "if the
jury believe beyond a reasonable doubt  .  .  .  that the shot
caused or 'hastened' the death of the deceased within a year
and a day;" third, because of the discovery of new and im-
portant evidence on behalf of the defendant.

The evidence discloses that prior to the difficulty appel-
lant had been in the employ of the deceased as a laborer;
that on the day of the shooting he left deceased's employ

without notice, whereupon the deceased hunted him up, and abused him for leaving him; using profane and vile language to him; that at the time deceased had a stick in his hand, with which he threatened the accused, but did not strike him.   A settlement was then had between the two men, the employer paying off the employe, giving him, as a part of his wages, an order on the neighborhood store for $2, and they then parted. Afterwards the deceased came to the neighborhood store, where he found appellant in the act of purchasing a pair of shoes, and again abused him, using vile and insulting language to him.   In a short while the deceased left the store and started home.   Afterwards appellant surreptitiously took a pistol belonging to a clerk in the store, and, placing it in his pocket, followed the deceased, overtaking him on the public road, where he shot him, inflicting a wound from the effects of which he died in about two months thereafter.   Cole, at the time he was shot, was in a very feeble condition of health, being in what is known as the second stage of consumption, and would probably not have lived very long even if he had not been wounded.   The injury inflicted by the shooting was not necessarily fatal, and, but for the enfeebled condition of the deceased's health, he would, more than probably, have recovered.   The evidence of the physicians show that his death was accelerated or hastened  by the wound received at the hands of appellant.   Appellant's testimony is to the effect that he fired in self-defense, but the evidence of the Commonwealth tends to show that the shooting of Cole was an act of wanton assassination.   The verdict of the jury was not contrary to the evidence.

The trial court did not err in the instruction complained of.   Although the wound which appellant inflicted upon the

deceased would not probably have caused his death had he been a well man, he is not, therefore, guiltless of the crime with which he stands charged. If one unlawfully wounds another, and thereby hastens or accelerates his death by reason of some disease with which he is afflicted, the wrong-doer is guilty of the crime thereby resulting. The rule upon this subject is thus stated by Bishop in his work on Criminal Law, volume 2, section 638, subsection 3: "Though the person would have died from some other cause already oper-ating, it is enough that the wound hastened the termination of life; as, for example, if he had already been mortally wounded by another. And if the one attacked was enfeebled by disease, and what was done would not have been mortal to a well person, still, whether the assaulting person knew of his condition or not, after he did what was mortal to the other, the offense is committed." Clark, in his Criminal Law (page 129), says: "The fact that the person killed was diseased and in ill health, or wounded by another, and was likely or sure to die when the blow was given, or that after the blow was given he neglected or refused to take proper care of himself, or submit to an operation by which he could have been cured, is no defense." Hale, in his Pleas of the Crown (volume 1, p. 428), says: "If a man be sick of some such disease which possibly, by course of nature, would end his life in half a year, and another gives him a wound or hurt which hastens his end by irritating and provoking the disease to operate more violently or speedily, this hastening of his death sooner than it would have been is homicide or murder, as the case happens, in him that gives the wound or hurt, for he doth not die simply by the visitation of God, but the hurt that he receives hastens it, and an offender of such a nature shall not apportion his own wrong; and thus

Commonwealth v. Citizens' National Bank.

I have often heard that learned judge Justice Rolle frequently direct." State v. Morea, 2 Ala., 275; People v. Moan, 65 Cal., 532, 4 Pac., 545; Commonwealth v. Fox, 7 Gray, 585; State v. Castello, 62 Iowa, 404, 17 N. W., 605; People v. Ah Fat, 48 Cal., 61.

There was no pretense by appellant to maintain his third ground for a new trial, as he filed no affidavits or other evidence in support of it.

Although not set forth as a ground for a new trial, appellant complains of the court's failure to grant him a continuance based upon the absence of a witness, one Dr. Crit. Jones. The record shows that appellant's affidavit as to what Dr. Jones would testify was allowed to be read as a deposition, and we do not think the court erred in refusing a continuance.

Upon the whole case we are satisfied that appellant received a fair and impartial trial, and that the verdict was lighter than the facts warranted.

The judgment is affirmed.