## Bennett v. Commonwealth.

(Decided November 19, 1912.)

### Appeal from Whitley Circuit Court.

1. Appeal—Motion for Extension of Time to File Transcript—Motion in Vacation—Custom.—It has been the long established custom of this court to treat an application, made in vacation, for extension of time to file a transcript, as sufficient to maintain the status quo until the court, duly in session, shall have had opportunity to pass upon the motion.

2. Jeopardy—Plea of Former Jeopardy.—A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon indictment or information, which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. Although a jury had been sworn to try

appellant under a former indictment, the indictment was dismissed upon the motion of the Commonwealth's Attorney who conceived the indictment insufficient. The trial court did not err in refusing the plea of former jeopardy.

3. Homicide—Where Two Persons Both Shot Deceased in One Encounter.—Where two persons both shot deceased in one encounter, the law will not stop to measure which wound is the more serious, and to speculate which actually caused the death.

R. S. ROSE, S. S. LAWSON, P. H. SPENDER, H. C. GILLIS, and B. B. SNYDER for appellant.

JAMES GARNETT, Attorney General; CHAS. H. MORRIS, Assistant Attorney General; J. B. SNYDER, R. L. POPE and H. H. TYE for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

About dusk on the night of August 26, 1911, the appellant, Joe Bennett, some twenty-five years of age, was engaged in a difficulty with William Lawson, age 59, at the door of the Poplar Creek Church, in Whitley County. When that difficulty was over it was found that Lawson had been shot. He died within a few minutes. There were present at the time among the little rural crowd gathered to attend divine service, Maynard Bennett, a brother of Joe Bennett, and Crit Lawson, a son of the deceased. Both of them engaged in the shooting before it was over. Joe and Maynard Bennett were jointly indicted for the killing. Maynard Bennett is a fugitive and has never been arrested under the indictment. Joe Bennett upon the trial was found guilty of manslaughter and judgment was entered accordingly. He appeals here.

The Commonwealth has entered its motion to dismiss the appeal. The judgment bears date of June 15, 1912. Within sixty days from that date the appellant filed in the appellate clerk's office, the court then being in vacation, his motion, accompanied by affidavits showing the necessity, for an extension of time to prepare and file his transcript, as provided by section 336, Criminal Code. It has been the long-established custom of the court to treat such an application made in vacation as sufficient to maintain the status quo until the court, duly in session, shall have had opportunity to pass upon the motion. We see no reason to depart from the just custom. It appears from the affidavits of appellant's coun-

sel, and the statement of the circuit judge who tried the case, that the appellant was entitled to his extension of time. It is so ordered, and the motion to dismiss the appeal is overruled.

The defendant's motion for a peremptory instruction was rightly overruled. We have carefully read every detail of the testimony and find it sufficient to authorize the jury's verdict. Construing section 281, Criminal Code, as amended in 1910, we said: "The credibility of the witness is for the jury, and this court will not disturb a verdict because the jury believed one set of witnesses rather than another. The verdict must be palpably against the evidence or it cannot be disturbed." Wilson v. Commonwealth, 140 Ky., 1; Chaney v. Commonwealth, 149 Ky., 464.

Nor did the trial court err in refusing to allow the defendant's plea of former jeopardy. A jury had been sworn to try the defendant under a former indictment when the attorney for the Commonwealth, conceiving the indictment to be insufficient, moved that the swearing of the jury be set aside and the indictment quashed. The motion was sustained. The defendant says that he was technically in jeopardy on that trial. The former indictment read thus: "The grand jury of Whitley County, in the name and by the authority of the Commonwealth of Kentucky, accuse Maynard Bennett and Joe Bennett of the crime of *Maynard Bennett and Joe Bennett* committed in manner and form as follows," continuing with an apt description of the specific facts constituting the crime of the murder of Lawson. This indictment was not sufficient to sustain a conviction. Under section 124, subsection 2, Criminal Code, the indictment must be direct and certain as regards the offense charged. No offense was named in the charging part of the indictment. In Brooks v. Commonwealth, 98 Ky., 143, the indictment charged the defendant with "suffering and permitting ————— on his premises, committed as follows," etc. The particular circumstances of the offense of suffering and permitting gaming upon the premises were directly and certainly stated, which fact, said the court, "does not supersede or dispense with the other requirement, equally imperative, that the indictment shall be direct and certain as to the offense charged." The lower court's judgment was reversed because of the overruling of a demurrer to the

indictment. That opinion is conclusive of the insufficiency of the indictment quashed. The defendant, therefore, was not in jeopardy. "A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon indictment or information which is *sufficient in form and substance to sustain a conviction,* and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been empaneled and sworn." Cooley's Constitutional Limitations, p. 327. See also Williams v. Commonwealth, 78 Ky., 93; Thomas v. Commonwealth, 150 Ky., 374.

Bennett testified that he did not have his pistol with him at the time of the difficulty. On cross-examination he said he had loaned it to one Emby Peace about noon of that day, and that he did not have it with him at a neighborhood burial that afternoon. Whether he had his pistol, an issue presented by him, was a most material issue, both to him and the Commonwealth. When the testimony for the defense had somewhat further progressed the court admonished Bennett that if he had further evidence on the question, he should produce it in chief. He did so; and complains of the court's requirement. In rebuttal the Commonwealth introduced testimony showing that Bennett had his pistol at the graveyard very late in the afternoon. To this evidence there was no objection. The court admonished the jury that this testimony could only be considered as contradictory and not as substantive testimony against Bennett. This limitation so narrowing this testimony was prejudicial to the Commonwealth. It improperly, in Bennett's favor, lessened the effect of the testimony. It was dark at the time of the shooting. The testimony in chief for the Commonwealth rested upon a pistol-flash coming from where Bennett stood. When he stated in chief that he had no pistol there, it was undoubtedly competent for the Commonwealth substantively to prove in rebuttal facts tending to show that he had the pistol. And when Bennett had presented the issue that he had no pistol, and had testified that he had loaned it to another, it was not prejudicial to him that he should be required to bring forward his other testimony on that issue while the defense had the witness-stand in chief. Both sides had the benefit of the evidence on the point. Technically the Commonwealth should produce its entire substantive

testimony in chief; but it is not always practical for it to do so in entirety. The trial court has a discretion, exercised fairly and reasonably, to admit testimony out of the regular order when the events of the trial, as they arise from hour to hour, would otherwise result in a miscarriage of justice. Traux. v. Commonwealth, 149 Ky., 699. "In general, such discretionary variations should be liberally dealt with; for nothing can be more irrational or unjust than to apply the judicial lash of a new trial to errors of trivial importance." Wigmore's evidence, section 1873.

The Commonwealth introduced other evidence in rebuttal affecting the credibility of some of the defendant's witnesses. The trial court admonished the jury that it was not to be received as substantive testimony. Appellant complains of the form of the admonition, saying that it told the jury affirmatively that this testimony did contradict or impeach the defendant's witnesses. While the verbiage of the admonition is somewhat lose, it is not fairly subject to the intent which the appellant reads into it. The court told the jury that it could receive and "consider" the evidence—that is, whether it did or did not impeach the defendant's witnesses, and for no other purpose.

Based upon a number of medical treatises, and upon no evidence in the record, appellant argues that even though he shot, the wound inflicted by him in front was not a fatal wound, and that the wound in the back inflicted by Maynard Bennett, as is claimed, was the fatal wound. Therefore, he says, the trial court erred in instructing the jury to find him guilty if he shot Lawson "so as to cause or hasten his death;" because, he says, although he shot Lawson, it was not his but his brother's shot which caused his death. In other days when the punishment of crime was hampered far too much by legal refinements and abstruse learning, there would have been a place, perhaps, for the argument; but it can find no place now. Reason and justice have superseded these impractical and much abused rules of former days. These brothers, according to the testimony, both shot Lawson in the one encounter. The law will not stop, in such a case, to measure which wound is the more serious, and to speculate upon which actually caused the death. In many such cases the Commonwealth would be helpless; for each defendant would go free because it could

not be proven against him that his wound was the fatal one. Whether one actually inflicts the fatal wound, or contributes to or hastens the death in some minor way, he is guilty of the crime. And whether he hastens the death, must be for the jury. The instruction was right. Hopkins v. Commonwealth, 117 Ky., 941.

There was no substantial or prejudicial error against the appellant upon the trial. The judgment of conviction is affirmed.