## Calhoune v. Kidd.

(Decided November 19, 1912.)

### Appeal From Whitley Circuit Court.

1. Appeal—To Inferior Courts—Dismissal of—Practice.—On an appeal to an inferior court, the court to which the appeal is prosecuted may dismiss the appeal because it was not taken in time; or because it was not taken in the manner provided in the code, or because the court had no jurisdiction of the appeal, and may also dismiss the appeal upon motion of the appellant, if the appellee is not before the court, but if the appellee is before the court, section 730 of the civil code controls.

2. Appeal—To Inferior Courts—Effect of Dismissal.—When an appeal is dismissed because not taken in the time or manner prescribed in the code, or because the court had no jurisdiction of the appeal, or upon motion of the appellant, the effect of the dismissal is to leave the judgment appealed from in full force and effect in the court in which it was rendered.

3. Appeal—To Inferior Courts—Dismissal of Action.—If the court to which the appeal is taken in due time and manner has jurisdiction, the court has no authority, without the consent of the appellee, or until there has been a trial, to dismiss the action, as this would have the effect of defeating the party who had recovered judgment in the lower court.

4. Appeal—Dismissal of "Case"—Effect of.—The dismissal of a case pending on appeal is in effect a dismissal of the action.

L. G. CAMPBELL and R. L. POPE for appellant.

J. N. SHARP for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Calhoune, obtained a judgment in the court of A. J. Kidd, a Justice of the Peace for Whitley

County, against the Kentucky & Tennessee Railroad Company. Within sixty days after the judgment the railroad company prosecuted an appeal in due form to the quarterly court of Whitley County, which court had jurisdiction of the appeal. In the quarterly court summons was issued against Calhoune, the appellee in the quarterly court, but was returned not executed, and after three or four alias summons had been returned in like manner the judge of the quarterly court made and entered this order: "Joe Calhoune, plaintiff, against Kentucky & Tennessee Railroad Company, defendant. This case is hereby dismissed." The record does not show that the order was made on the motion or at the instance of the railroad company, and as Calhoune was not before the court and had never entered his appearance, we must presume that the order of dismissal was made by the judge of the quarterly court on his own motion. Soon after this order of dismissal was made Calhoune presented to Kidd, the justice of the peace, a copy of the order, and demanded that Kidd issue an execution in his favor on the judgment that had been entered in his court. Upon Kidd's refusal to do this Calhoune brought this suit against Kidd in the circuit court for Whitley County, and asked for a mandamus compelling him to issue the execution. To this petition a general demurrer, interposed by Kidd, was sustained, and Calhoune declining to plead further, brings the case here.

As the appeal was prosecuted in due time and in regular form to the quarterly court and docketed for trial in that court, the question for decision is, what was the effect of the order "dismissing the case" which we will treat as an order dismissing the action, and did the judge of the quarterly court have the right to thus dispose of the appeal? On an appeal like this, the court to which the appeal is prosecuted may dismiss the appeal because it was not taken in time, or because it was not taken in the manner provided in the code, or because the court had no jurisdiction of the appeal, and may also dismiss the appeal upon motion of the appellant, if the appellee is not before the court by service of process or appearance. If the appellee is before the court by service of process or appearance then the practice is controlled by section 730 of the Civil Code, reading "If the appellant move to dismiss or fail to prosecute his appeal, it shall be at the option of the appellee either to

proceed to trial on the appeal, or to have judgment rendered for the amount of the original judgment and costs, if it was in his favor, or in bar of the original judgment, if it was against him.''

When an appeal is dismissed because not taken in time, or because not taken in the manner prescribed in the code, or because the court had no jurisdiction of the appeal, or on motion of the appellant, before the appellee has been brought into court by service of process or appearance the effect of the dismissal is to leave the judgment appealed from in full force and effect in the court in which it was rendered. In other words, the status is the same as if no appeal had been prosecuted, and whatever judgment was rendered in the lower court stands in full force and effect in that court. Miles v. Reed, 2 J. J. Marshall, 137; Manier v. Lindsey, 3 Bush, 94; Sebree v. Commonwealth, 115 Ky., 736; Olmstead v. Mason, 3 Bush, 693.

But if the court to which the appeal is taken in due time and manner has jurisdiction of the subject matter of the action, the court has no authority, without the consent of the appellee, or until there has been a trial, to enter an order dismissing the action or case, as this would have the effect of defeating the party who had recovered judgment in the lower court, or, in other words, would have the same effect as if, on a hearing and trial, the case had been decided against him, because in section 726 of the Civil Code it is provided that ''appeals shall be docketed and stand for trial as ordinary actions, and shall be tried anew, as if no judgment had been rendered,'' and so a judgment dismissing the action or case would put an end to the case in favor of the party appealing. As this would be the effect of an order dismissing the action or case, it is clear that the court should not make this order unless the appellee is before the court to protect his interest and is given an opportunity to be heard, and of course should not be made when the appellee, as in this case, was not before the court. Treating the order as an order dismissing the action and not the appeal, the court had no authority to enter it. As said in Bennett v. Thompson, 10 Bush, 365, ''the only power the court had was to render judgment for the plaintiff for whatever might appear to be due him, or if nothing was found to be due, then to dismiss the action, or if the appeal was not regularly prosecuted, or if the

court had no jurisdiction, to dismiss the appeal, and until some one of those things is done the case remains in court." To the same effect is West v. Shepherd, 127 Ky., 323.

This being our view of the matter, the appeal is yet pending in the quarterly court and Calhoune should, after reasonable notice to the railroad company, move the quarterly court to reinstate the appeal on the docket, and this that court will do and thereafter proceed with the appeal as if the order of dismissal had not been made.

The justice of the peace had no authority to issue an execution, and the judgment so holding is affirmed.