## Commonwealth v. Kilburn.

(Decided January 13, 1931.)

J. W. CAMMACK, Attorney General, GEORGE H. MITCHELL, Assistant Attorney General, and JOHN H. ASHER for appellant.

C. A. NOBLE for appellee.

Opinion of the Court by Judge Willis—Certifying the law.

Nat Kilburn was indicted for the murder of Jess Young, found guilty of manslaughter, and punishment

by imprisonment for a period of two years fixed by the verdict of a jury. The circuit court granted a new trial, and the commonwealth has prosecuted an appeal to have the law certified. Criminal Code of Practice, secs. 335, 336; Commonwealth v. Huber, 126 Ky. 456, 104 S. W. 282, 345, 31 Ky. Law Rep. 929.

The sole question to be decided is, whether the evidence for the commonwealth is sufficient to carry the case to the jury. The rule is that a case must be submitted to the jury where the prosecution presents any evidence tending to show the guilt of the accused of the offense charged. Epperson v. Commonwealth, 227 Ky. 404, 13 S. W. (2d) 247; Overbee v. Commonwealth, 226 Ky. 433, 11 S. W. (2d) 86; Tinsley v. Commonwealth, 222 Ky. 120, 300 S. W. 368.

A motion by the defendant for a peremptory instruction is in the nature of a demurrer to the evidence, and, in disposing thereof, it is necessary for the court to assume as true all of the facts which the evidence tends to prove. Cummings v. Commonwealth, 221 Ky. 302, 298 S. W. 943.

Kilburn was 18 years of age, and weighed about 130 pounds, while Young was two years older, and considerably larger. They met in Eversole's store on Christmas Day, 1929. Young said to appellant, "You accuse me of stealing your liquor," and hit him with his left hand. Kilburn then cut Young with a knife, inflicting a wound about three inches long upon the biceps muscles of his left arm. Young's sister testified that the day before Christmas she was at Kilburn's home, and he appeared to be offended and did not speak to her. She overheard him say, "If Jess Young could live with his liquor he could live without it." He further remarked that, if he could find out who had taken his liquor, he had a knife for him. Young's mother testified that shortly before the cutting the appellant appeared at a public gathering with a knife, and declared, if Jess Young was ready to fight, he was. The interference of friends prevented a fight at that time. It further appeared that Jess Young had accused Kilburn of stealing his liquor, and that was the cause or the source of the controversy between them. A doctor testified that the wound inflicted by the knife had become infected, and that Young was suffering from tetanus or lockjaw, which ensued from the wound in the arm. His entire system was affected, and all of his

muscles were contracting from the poison. Later galloping consumption developed, and Young died some thirty or forty days subsequent to the injury.

In order to make out the case, it was necessary for the commonwealth to prove that (1) the wound was inflicted by Kilburn with criminal intent, and not in his necessary self-defense; and (2) that Young's death resulted from the wound inflicted.

The testimony of Eversole indicated that Young was the aggressor, and that Kilburn acted in self-defense, but other testimony and the circumstances authorized the jury to infer that Kilburn had intended to use a knife on Young because he accused him of stealing his whisky. He was prepared to use the knife at the first opportunity, and may have so arranged the contact with Young as to give his act the appearance of self-defense when it was not necessary to have a fight at all. It was for the jury to determine from all the evidence the nature and necessity of his act. Marcus Shepherd v. Commonwealth (Ky.) 33 S. W. (2d) 4, decided December 2, 1930.

But it is further contended that the evidence was not sufficient to warrant submission of the case to the jury because Young did not die from the wound inflicted by appellant. Where a dangerous wound is wrongfully inflicted, although of a character not necessarily calculated to cause death, yet by reason of infection does result fatally, it is sufficient to sustain a prosecution for homicide. Bush v. Commonwealth, 78 Ky. 268; Coffman v. Commonwealth, 10 Bush, 495; Tibbs v. Commonwealth, 138 Ky. 558, 128 S. W. 871, 28 L. R. A. (N. S.) 665; Hopkins v. Commonwealth, 117 Ky. 941, 80 S. W. 156, 25 Ky. Law Rep. 2117, 4 Ann. Cas. 957; Bennett v. Commonwealth, 150 Ky. 609, 150 S. W. 806, 43 L. R. A. (N. S.) 419; Roberson's New Criminal Law, sec. 279.

In this case there was a serious wound in the muscles of the arm, resulting in lockjaw, and terminating in the death of the victim within a reasonably short time. It was for the jury to determine whether the wound was a cause of the death.

It is not necessary, at this time, to determine whether the evidence is sufficient to sustain a conviction. It may be different upon another trial, and that question will be reserved. This opinion is certified to the circuit court as the law to be observed. in the new trial.