## Engle v. Commonwealth.

(Decided Feb. 22, 1935.)

J. H. ASHER for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Fred Engle appeals from a judgment convicting him of manslaughter and fixing his punishment at two years' imprisonment.

The record discloses the following: Appellant lived with his father, John Engle, on Wooton's creek, in Leslie county. During the morning of October 26, 1933, appellant had left his home with Woodrow Caudill. During his absence Warney Joseph, the deceased, and Cecil Milton and Jack Vanover had gathered at the Engle home. As appellant approached his home on his return, Joseph was out on the porch leaning against a post with his hands behind him. After he and appellant had spoken to each other, he called appellant a bad name, and appellant shot him. Joseph was not armed, and, according to the witnesses for the commonwealth, was not doing anything at the time appellant

fired. Appellant and his witnesses all say that Joseph, after calling appellant a bad name, threw his hand back to his pocket as if to draw a gun, and appellant immediately fired. There was further evidence that Joseph had threatened appellant, and that he had the reputation of being a dangerous and violent man.

In view of the evidence·that Joseph was not armed and was not doing anything when appellant fired, we think the evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

The principal ground urged for reversal is that the court erred in permitting the deceased's dying statement "that he was not doing anything" to go to the jury. The ground of objection is that the expression was a mere conclusion of the declarant. In the very nature of things the declarant may tell what he was doing or not doing at the time of the homicide, and, as held in Pennington v. Commonwealth, 68 S. W. 451, 24 Ky. Law Rep. 321, and adhered to in Hunter v. Commonwealth, 221 Ky. 170, 298 S. W. 379, 381, the statement that he "was not doing anything" is not a conclusion, but a pure statement of fact.

Another contention is that appellant was entitled to an instruction on the defense of his home. Appellant was not in the house at the time of the homicide, but was out in the yard. The deceased made no attack of any kind on appellant's home. The most that can be said is that he made a hostile demonstration toward appellant. Appellant's sole defense was that deceased had threatened and was attempting to take his life. In the circumstances, appellant was not acting in defense of his home, and the court's failure to give an instruction embodying that defense was not error. Winchester v. Commonwealth, 210 Ky. 685, 276 S. W. 575.

Judgment affirmed.