## Brinegar v. Commonwealth.

Feb. 7, 1941.

Shumate & Shumate for appellant.

Hubert Meredith, Attorney General, and R. Vincent Goodlett for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellant, Forest Brinegar, was convicted of maliciously stabbing and wounding Carl Harris with intent to kill, and his punishment was fixed at confinement for two years in the penitentiary. He seeks a reversal of the judgment on three grounds: (1) The court erred in not peremptorily instructing the jury to acquit him; (2) the verdict is flagrantly against the evidence; (3) the instructions to the jury were erroneous and were not the whole law of the case. A consideration of the case requires a brief recitation of the facts.

Brinegar and Harris had married sisters and there had been no previous trouble between them. The two families lived only about a half mile apart, and early on the morning of the difficulty Brinegar had stopped in the Harris home to tell his stepchild, who had spent the night with the Harrises, that Mrs. Brinegar wanted him to come home on that day. All was pleasant between the two men on this occasion. About 3:30 that afternoon Harris and his wife took the child to the Brinegar home in their car and found Mrs. Brinegar milking a cow. Harris offered to finish the job and while he was milking, Brinegar came home and without provocation ordered Harris to leave, saying he had given him enough trouble. When leaving the yard Harris passed by Brinegar and struck at, or struck, him with his fist (there is a conflict in the evidence as to whether or not the blow landed). Thereupon, Brinegar grappled with Harris and severely cut him in the abdomen with a pocket knife.

Brinegar had consumed a half a pint of liquor, but testified he was not drunk, and that the reason he so abruptly ordered Harris from his yard was "the way he talked about me before me and my wife married. He said I was a bad fellow." The three witnesses for the Commonwealth testified Brinegar had his hand in his pocket at the time Harris struck, or struck at, him and instantly thereafter he seized Harris and inflicted the knife wound. Harris testified his lick missed Brinegar and the latter had his knife open in his pocket and immediately cut him—that Brinegar struck so quickly with his knife after the attempted lick that he did not have time to get out his knife and open it.

Brinegar and his witnesses testified that when he

ordered Harris to leave the premises, Brinegar was standing with his hand against the porch; that Harris went out of his way to pass close to Brinegar, struck him a staggering blow with his fist, then they grappled. Brinegar testified that in the scuffle Harris hit him a half dozen or more licks and as Harris was trying to get his hand in his pocket, he stabbed him. He denied he had his knife open in his pocket when the trouble started. When asked if his hand was in his pocket, his reply was, "Not exactly. No sir. I had it something like that;" which we interpret as meaning that his hand was partly in his pocket.

We cannot accept Brinegar's argument that as Harris struck, or struck at, him with his fist, he acted in self-defense in resorting to his knife and stabbing or cutting Harris in a manner which very nearly cost his life. It is true Harris was the aggressor, but the testimony and surrounding circumstances authorized the jury to infer that Brinegar had the knife open in his pocket and ordered Harris off the premises with the intent to provoke Harris into assaulting him and then to use his knife. Or the jury might have reasonably inferred from the evidence that appellant cut Harris when he had no reasonable grounds to believe he was in danger of bodily harm at the hands of Harris. Also, the jury might have thought Brinegar used greater force than was reasonably necessary in repelling the assault upon him. Nunley v. Com., 272 Ky. 253, 114 S. W. (2d) 71; Thomas v. Com., 284 Ky. 548, 145 S. W. (2d) 37.

It was for the jury to determine from all the evidence whether or not Brinegar provoked the assault and whether or not he cut or stabbed Harris in his necessary, or apparently necessary, self-defense. Com. v. Kilburn, 236 Ky. 828, 34 S. W. (2d) 728; Shepherd v. Com., 236 Ky. 290, 33 S. W. (2d) 4. Where the evidence of the Commonwealth, although slight or circumstantial, tends to prove the guilt of the accused of any degree of the offense charged, it is sufficient to take the case to the jury and will sustain a conviction unless it is so flagrantly against the evidence as to shock the conscience or lead to the conclusion that it was the result of passion or prejudice rather than the deliberate consideration of the jury. Gambrel v. Com., 283 Ky. 816, 143 S. W. (2d) 514; Harlan v. Com., 253 Ky. 1, 68 S. W. (2d) 443; Russell v. Com., 276 Ky. 38, 122 S. W. (2d) 1009.

Appellant's first two points having been disposed of, we now take up the court's instructions. Complaint is made that the court instructed the jury it might convict appellant of the misdemeanor included in the indictment, if the cutting was done in sudden affray, without malice, "and not in his self-defense." It is obvious that this instruction in the form given should have read "and not in his necessary, or apparently necessary, self-defense." However, the first instruction told the jury that before they could convict appellant they must believe from the evidence beyond a reasonable doubt that the cutting was done "wilfully, maliciously and feloniously and not in his necessary, or apparently necessary, self-defense." Also, the self-defense instruction was in the usual form and told the jury that if appellant believed, and had reasonable grounds to believe, at the time he cut Harris, he was in danger of death or great bodily harm at his hands, and that it was necessary, or appeared to appellant in the exercise of reasonable judgment to be necessary, to cut Harris to "avoid said danger, real or to defendant apparent, you will find defendant not guilty on the ground of self-defense or apparent necessity therefor." Instructions are considered as a whole and an error or omission in one may be supplied by another. Stanley's Instructions to Juries, page 1060, Section 801; McClain v. Com., 284 Ky. 359, 144 S. W. (2d) 816; Voils v. Com., 229 Ky. 305, 17 S. W. (2d) 238; Calico v. Com., 145 Ky. 641, 140 S. W. 1036. When the instructions are read as a whole it is apparent the omission of the words "or apparently necessary" from the misdemeanor instruction was supplied both in the felony and in the self-defense instructions, therefore defendant's substantial rights were not prejudiced.

It is urged appellant was entitled to an instruction on the defense of his home. The fight occurred in his yard, no attack of any kind was directed at his home or any member of his family and appellant's sole defense was he acted in self-defense. Hence there was no evidence upon which the court could have based an instruction on appellant's defense of his home. Crawford v. Com., 281 Ky. 557, 136 S. W. (2d) 754; Engle v. Com., 258 Ky. 118, 79 S. W. (2d) 417.

Perceiving no prejudicial error in the record, the judgment is affirmed.