# Burns v. Commonwealth.

May 9, 1941.

J. R. Llewellyn and S. V. Little for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

Virgil Burns and his brother, Robert, were jointly indicted for chicken stealing by the grand jury of the Laurel Circuit Court. Upon a separate trial Virgil was convicted and given one year in the penitentiary. In seeking to reverse the judgment he assigns but one error, that the evidence was not sufficient to take the case to the jury; or if so, the verdict is flagrantly against the evidence.

Jim Cole and wife resided from 300 to 500 yards from Virgil's home and in sight thereof. The Coles had nine cickens and while at church on Sunday morning, March 17, 1940, between 9 and 12:30 o'clock, five barred Plymouth Rock hens were stolen from their premises. The theft was not discovered until time to feed the chickens late that afternoon, and by feathers dropped by the thief carrying them off, Cole trailed the stolen chick-

ens to the edge of a woods. He reported the theft to several produce dealers in London on Monday. On Tuesday, the 19th, Cole received word from Henry Wyatt, a produce dealer in London, that chickens answering the description of those stolen had been purchased by his house the day before.

Upon visiting Wyatt's establishment on Tuesday, Cole found four Plymouth Rock hens which he identified as the chickens stolen from him. These four chickens had recently had their wings and tail feathers clipped, which was evidently done by the thief for the purpose of disguising them. When taken to Cole's home, one of the hens which was setting promptly went to her nest and the others went to their customary roosting place. Appellant's attorney in his brief practically admits the evidence shows the four fowls recovered at Wyatt's poultry house belonged to Cole, but contends the evidence fails to establish them to be the same chickens the two Burns boys sold there on Monday.

Virgil admits that he and Robert sold four Plymouth Rock hens with clipped wings and tails at Wyatt's poultry house on the Monday in question for $3.18. He testified they belonged to his mother and were caught from her flock that morning by his mother, Robert and himself; that they were sold to purchase clothes for Robert, who was shortly to enter a CCC Camp; that his mother kept all her chickens' wings and tail feathers clipped to prevent them from flying into trees. Robert did not testify, but Virgil was corroborated by his father and mother. The Commonwealth successfully attacked Virgil's reputation for general morality to affect his credibility as a witness, and he did not introduce any testimony to bolster it.

Bob Hubbard, who was employed at the Wyatt Produce House, testified that he bought four Plymouth Rock hens with clipped wings and tails from the Burns boys on Monday, March 18th, but he could not identify them as the four chickens the Coles recovered. However, he testified he did not buy any other four Plymouth Rock hens that day or "along about that time" answering this description, and that he put these four in a coop to themselves. When recalled to the witness stand on behalf of defendant after the Commonwealth had closed its case, Hubbard testified he did not remember the place

he put these chickens upon purchasing them. We do not regard Hubbard's testimony as contradictory. . When he testified he put the chickens in a coop to themselves and then later testified he did not remember the place he put the chickens, evidently he meant he did not remember in what particular coop he placed them. When Cole recovered the chickens he found them in a coop to themselves in the poultry house.

Dee Dizney testified that some three or four days after the theft he found Plymouth Rock feathers on a hill between his property and Cole's, which appeared to have been cut from the wings and tails of chickens with a pocket knife. This point was not a great distance from Virgil's home. Cole testified that the wings and tails of these chickens had been clipped after being stolen. Virgil's mother testified that during the winter she kept her chickens' wings and tails clipped to prevent them from flying in trees to roost and to force them to roost in the chicken house.

Appellant complains that Wyatt was allowed to testify over his objection that Cole identified as his own the chickens which the Burns boys had brought to his produce house, when Wyatt did not see the chickens which these boys had sold his establishment. But this testimony could not have been prejudicial to appellant as Wyatt's testimony was practically destroyed on cross-examination when he admitted he did not see the chickens the Burns boys sold to his house.

It cannot be successfully contended that the testimony to which we have directed attention was not sufficient to take the case to the jury or to sustain appellant's conviction. The rule prevailing in this jurisdiction is that evidence of the Commonwealth, even though slight or circumstantial, tending to establish the guilt of the accused, is sufficient to take the case to the jury and will sustain the verdict unless it is so flagrantly against the evidence as to shock the conscience or necessarily lead to the conclusion that it was the result of passion or prejudice rather than the deliberate consideration of the jury. Brinegar v. Com., 285 Ky. 400, 147 S. W. (2d) 1037; Gambrel v. Com., 283 Ky. 816, 143 S. W. (2d) 514; Russell v. Com., 276 Ky. 38, 122 S. W. (2d) 1009. The jury believed the four Plymouth Rock hens with freshly clipped wings and tails sold by the Burns boys to Wyatt

462

came not from the flock of their mother but were the same chickens which had been stolen from Cole. The verdict is amply supported by the evidence.

The judgment is affirmed.