## Devers v. Commonwealth.

October 10, 1947.

K. S. Alcorn, Judge.

Chenault Huguely and Kelly J. Francis for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant, Milton Devers, was convicted of voluntary manslaughter, and his punishment fixed at 5 years in the Penitentiary. He appeals, insisting only that the evidence is not sufficient to sustain the verdict.

Appellant frankly admits that this court is not inclined to disturb the findings of a jury, but insists that there are many cases where juries do make errors and that in the instant case there is such reasonable doubt of appellant's guilt as would indicate that the jury was palpably in error.

The appellant is a man 61 years of age, the father of 14 children. On the day of the homicide he came from his home in Lincoln County to Danville where his daughter, Christine, and her husband, James William Middleton, lived. The record discloses that the deceased, James William Middleton, had mistreated his wife, Christine, and that Christine had complained to her father about same. Appellant had admonished the deceased to cease this mistreatment. Early on the morning of the homicide the appellant and his son, James, drove to Danville, first going to the daughter, Christine's, home, where they were told she was in town. Appellant then proceeded to the stockyards where he stated he was intending to purchase a beef. Failing in this he then went to the tobacco barn where his son-in-law, the deceased Middleton, was working. It appears that Middleton asked his father-in-law to wait until noon and they would go home. This was done. After Middleton got off from work he and his father-in-law first stopped in town and it appears that Middleton borrowed $40 from his father-in-law, and that they went to a liquor store to get a check cashed for that purpose. They arrived at the home of the son-in-law, or his sister, some time about 1 o'clock. It appears that a number of people were there at times during the afternoon, some of whom were drinking, including the appellant and his son-in-law. About 5 o'clock Christine, who had been in town, returned home. Immediately upon her arrival, her husband, Middleton, inquired of her as to where she had been. She replied that she had been up in town. Whereupon, Middleton told her she was lying and called her a two timer. The difficulty then started.

The evidence is conflicting. The appellant states that he undertook to reprimand his son-in-law for calling Christine a two timer, and that Middleton at once started toward him and struck him. Whereupon, he drew his pistol and shot. This, in a measure, is corroborated by the son, James. One of the witnesses for the Commonwealth, a disinterested person, and of no relation to either the appellant's or deceased's family, testified about the statements of Middleton to his wife; the reprimand by both James and his father, Milton Devers. The witness stated that James grabbed Middleton, and that appellant, who was standing near the

kitchen door, a number of feet from the deceased, shot him. This in a measure was corroborated by other witnesses. A number of shots were fired by the appellant. Middleton died within about five minutes. The evidence discloses that about a month prior to this, there had been difficulty between the appellant and the deceased, at which time appellant went to get his gun to kill the deceased but was prevented from so doing by his family who hid the shells from him. Appellant admitted this to be true. Appellant admitted his feeling was bad toward his son-in-law; and that it was his intention to kill his son-in-law after his son-in-law struck him. The deceased was unarmed and had no weapon of any kind. The officers who arrested appellant stated that on the way to jail appellant inquired if he could not make bond. The officers advised he could not as he was arrested for murder. They say he then said: "That is what I came over here for." It appears that the officers' testimony would indicate that he said he came over here for murder, but appellant possibly makes a more plausible explanation in that he said what he meant was that he came over there to make bond. There was considerable testimony on both sides as to the bad feelings between the two and the threats made one against the other. A number of witnesses were introduced to establish the good reputation of appellant, Devers, for peace and quietude.

Having admitted firing the fatal shot it was incumbent upon the appellant to make a showing sufficient to satisfy the jury that the shooting was in self defense and excusable. See Bigby v. Commonwealth, 273 Ky. 335, 116 S. W. 2d 659; Farris v. Commonwealth, 295 Ky. 324, 174 S. W. 2d 415; and Baker v. Commonwealth, 304 Ky. 13, 199 S. W. 2d 713.

Further, we cannot ignore the rule, adhered to through a long period of time, that this court will not disturb a jury's verdict which is based on conflicting evidence or is supported by substantial and probative evidence. Cases in support of the above rule are too numerous to cite herein.

We find no merit in appellant's contention. The judgment is affirmed.