## Williams v. Commonwealth.

October 17, 1947.

W. R. Prater, Judge.

Williams & Allen and Chester A. Bach for appellant.

Eldon S. Dummit, Attorney General, and Paris Swinford, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellant Charley Williams, was indicted for the murder of Thurman Howard and was convicted of voluntary manslaughter. His punishment was fixed at confinement in the penitentiary for two years. On this appeal he urges for reversal that the verdict was not sustained by the evidence and appears to have been the result of passion and prejudice on the part of the jury.

The facts out of which this homicide arose are substantially as follows: The deceased, Thurman Howard, and his three brothers, Claude, Hassell and Ursel, were

attending a sale at the home of Seymore Howard in Magoffin County on April 6, 1946. About one or two o'clock in the afternoon, appellant, his brother Bill and his father George, arrived at the scene. Apparently Bill had been drinking. He challenged Thurman Howard to a wrestling match, and a scuffle ensued. Thurman pulled out a knife and stabbed Bill. One of Thurman's brothers then took the knife away from him.

The evidence is confused as to subsequent events. Some witnesses testified that Thurman left the scene of the struggle and later returned. The testimony of others indicates that he did not leave. However, it appears that soon after Bill had been stabbed, appellant pulled out a .38 caliber pistol. Claude, Thurman's brother, told appellant to put the gun back, and almost immediately appellant shot him, Claude. Some of the witnesses testified that at about the same time Thurman made a "dive" at appellant to get the gun away from him. Thereupon appellant shot deceased twice, inflicting wounds which resulted in his death. There is testimony to the effect that Thurman had no weapon in his struggle with appellant.

Appellant testified that after Bill had been stabbed and while his back was turned, Thurman attacked him from behind and "a knife hit my throat." He further stated that Thurman cut him up considerably in the ensuing struggle, and that he did the shooting because he believed that "they" (meaning Thurman and his brothers) were killing him.

Thereafter most everybody joined in the fray. When the casualties were finally counted up, Thurman had been shot and killed, Bill Williams had been shot and killed, Claude and Hassell had been shot, and the appellant himself had been wounded by his own pistol in the hands of one of the Howard brothers.

In view of the extensiveness and vigor of this battle between the Howards and the Williams, it is easy to understand the conflict in the testimony concerning the precise actions of appellant and Thurman at the time the latter was shot. The following facts are established, however: (1) appellant was the first and only person to produce a firearm, and (2) appellant fired the shot that

resulted in Thurman's death. The only question in the case is whether or not appellant was justified in shooting deceased in his own self-defense.

In Barker v. Commonwealth, 304 Ky. 13, at page 18, 199 S. W. 2d 713, 715, we stated: "The rule in cases of this character is that where there is no denial of the firing of the fatal shot, or doing the act which caused the death or injury, the only question for the jury is whether or not the one charged, committed the act in good faith in self-defense, Farris v. Commonwealth, 295 Ky. 324, 174 S. W. 2d 415, and it is in such cases incumbent on defendant to convince the jury that the act was excusable. Bigby v. Commonwealth, 273 Ky. 335, 116 S. W. 2d 659.''

Whether appellant was innocent or guilty was a question for the jury. We have carefully considered the testimony in the case, and while it is somewhat confused, it is amply sufficient to support the verdict. We would usurp the jury's function to set it aside. It is our conclusion that the verdict was sustained by the evidence and does not appear to have been the result of passion or prejudice.

The judgment is affirmed.