## Thomas v. Commonwealth.

(Decided November 1, 1912.)

### Appeal from Fayette Circuit Court.

1. Indictment—Feloniously Breaking Into Dwelling.—An indictment for feloniously breaking into a dwelling house with intent to steal and stealing articles of value therefrom, charges but a single offense, although it alleges both a breaking with intent to steal and an actual stealing. The stealing is merely evidence of the intent with which the breaking was done.

2. Same—Instructions.—Under such an indictment it was error to instruct the jury as to grand and petit larceny, neither being a

degree of the offense of house breaking charged in the indictment.

3. Same—Former Acquittal.—The fact that appellant had been previously tried and acquitted under an indictment for feloniously breaking into a store house, which the proof showed was the same house described in the second indictment as a dwelling house, did not constitute a bar to his prosecution under the second indictment for feloniously breaking into the dwelling house, the two offenses being distinct and separate offenses as defined by sections 1162-1164 Ky. Stats., and neither a degree of the other.

4. Same—Former Acquittal—Bar.—In order to constitute a former acquittal or conviction a bar to a second prosecution, it is essential that the first indictment or information should be such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained.

NAT H. HOBBS for appellant.

JAMES GARNETT, Attorney General, CHARLES H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellee was tried in the court below under the following indictment:

"The Commonwealth of Kentucky

     Against               Housebreaking

"Luther Thomas,"

"The grand jury of Fayette County, in the name and by the authority of the Commonwealth of Kentucky, accuse Luther Thomas, of the crime of unlawfully and feloniously breaking and entering into a dwelling house with the felonious intent to steal therefrom articles of value and then and there taking, stealing and carrying away therefrom, stoves, water pipes, etc., of the value of more than $20.00 committed as follows, viz.: that said Luther Thomas on the 30th day of April, 1912, in the county aforesaid and before the finding of this indictment, with force and arms did break into and enter into the dwelling house of Joe Dinnelli, No. 423 South Upper Street, Lexington, Ky., with the felonious intent to take, steal and carry away therefrom articles of value and did then and there unlawfully and feloniously take steal and carry away therefrom four brass stoves, lead pipes and other articles of value, a further description of which is to this grand jury unknown, of the value

of Forty ($40.00) Dollars, the subject of grand larceny and the personal property of Joe Dinnelli, with the fraudulent intent then and there to convert the same to his own use and to permanently deprive the said owner of his property therein, against the peace and dignity of the Commonwealth of Kentucky:

"John R. Allen,
"Commonwealth's Attorney.

"Witnesses: Jim Stewart, Thos. Donlan, Jeff. Thurman, Mike Steela, Joe Dinelli."

The jury, by their verdict, found him guilty of grand larceny and his punishment was fixed, by sentence and judgment of the court, at confinement in the penitentiary not less than one nor more than five years. He was refused a new trial and has appealed.

He complains that the trial court erred to the prejudice of his substantial rights, (1) in refusing to peremptorily instruct the jury to acquit him; (2) in rejecting his plea of former acquittal; (3) in failing to instruct the jury that if they found him guilty at all, his offense was only grand larceny.

The evidence conduced to prove that the dwelling house was entered by some one through a window, the latch or fastening of which was broken to permit the raising of the sash; that a brass stove used for heating a bath room and a certain lead pipe connected with the bath tub, were taken at the time the house was entered; that these articles were of greater value than $20.00; that they were in appellant's possession a day or two after they were taken from the house broken into and were by him sold to a dealer in such articles; and that they were fully identified by Dinnelli, the owner of the House, as his property and the same taken from the house. As appellant gave no satisfactory explanation of his possession of this property the above evidence was sufficient to take the case to the jury, unless his plea of a former acquittal, which we will presently consider, constituted a bar to the prosecution.

It is, however, insisted for appellant, that as the house broken into and entered was at the time unoccupied, it was not a dwelling house within the meaning of section 1162, Kentucky Statutes, which makes the felonious breaking into a dwelling house a crime and prescribes the punishment therefor. Manifestly this contention is unsound.

In Commonwealth v. Woolfolk, 121 Ky., 165, the indictment charged the defendant with the crime of breaking into and entering a dwelling house, which the evidence showed to be temporarily vacant, because of which, the jury, under a peremptory instruction from the trial court, returned a verdict of acquittal. In holding this to be error we said:

"Was the building broken into a dwelling house in the meaning of the statute? Any one of the following definitions of a dwelling house may be accepted as legally correct: 'A place of residence, habitation.' 'A residence, domicile or mansion.' 'A building for the habitation of man.' 'A house designed to be occupied as a place of abode.' 'A house occupied or intended to be occupied as a residence.' (Cyc. 1226.) Sections 1162, 1163 and 1164, Kentucky Statutes, 1903, treat of felonies that may be committed by breaking into or stealing from buildings of practically every conceivable character and class. The dwelling house is one of the many enumerated and belongs to one class. It is distinguished from all other houses mentioned in the several sections of the statute, supra, by its name, and also by the use to which it is put or designed. The term 'dwelling house' is therefore one of differentiation, a name which distinguishes it from every other house or class. To constitute a building a dwelling house, it is not necessary that it be occupied as a place of residence by a family or person. If constructed for use as a place of residence of a family or person, it is a dwelling house even in the process of erection, and is known as and called a 'dwelling house.' The same is true of a dwelling house that becomes for a time vacant, after being occupied by a family or person as a place of residence. Having been designed for and used as a dwelling house, it remains a dwelling house, though temporarily unoccupied, until converted to some other use.

"The several sections of the statute, supra, were designed to enlarge the powers of the courts in bringing to punishment all housebreakers, no matter what the character of the house, or whether the crime be committed in the day time or at night; whereas at the common law this class of offenders could be convicted only of larceny or burglary; the latter crime being 'the breaking and entering the dwelling house of another in the night time with the intent to commit a felony.

therein, whether the felony be actually committed or not.' (Bouvier's Law Dictionary, 227.)''

This construction of the statute, to which we adhere, compels the rejection of appellant's contention that the non-occupancy of the dwelling house entitled him to an acquittal. Ground two of appellant's complaint raises the question, whether the rejection of his plea in bar, based upon his acquittal under a former indictment, was error?

It appears from the record that only a few days before appellant's trial under the indictment in this case, another had been returned against him in the Fayette Circuit Court, charging him with the crime of feloniously breaking into and entering a storehouse, the property of Joe Dinnelli, and taking therefrom with felonious intent to convert the same to his own use, the same property described in the last indictment. His trial under the first indictment resulted in his acquittal, the verdict to that effect having been returned by the jury in obedience to a peremptory instruction from the court, which instruction was given upon the ground that the house charged to have been broken into and entered by appellant, was shown by the proof to be a dwelling house, instead of a storehouse, as charged in the indictment. This verdict, and the judgment entered thereon, were pleaded by appellant as a bar to his prosecution under the second indictment.

Section 13 (Bill of Rights), Constitution, declares that no person shall, for the same offense, be twice put in jeopardy, and we said in Williams v. The Commonwealth, 78 Ky., 93:

"A person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon indictment or information, which is sufficient in form and substance to sustain a conviction, and the jury has been charged with his deliverance; and the jury is said to be thus charged when they have been empaneled and sworn."

But the question that here presents itself is, was the first indictment, under which appellant was tried, sufficient in form and substance to sustain a conviction upon the evidence adduced upon his trial thereunder? We think not. That indictment was found under section 1164, Kentucky Statutes, which provides, "if one, in the night or day, break * * * any * * * storehouse

* * * whether such place be or be not the depository for goods, wares or merchandise, and whether the goods, wares or merchandise be or be not exposed for sale in such place, with intent to steal, or shall feloniously take therefrom or destroy any goods, wares or merchandise, or other thing of value, whether the owner or other person be or be not in such house * * * he shall be confined in the penitentiary not less than one nor more than five years." When, therefore, the evidence under the first indictment disclosed the fact that the house broken into was not a storehouse, but a dwelling house, there was such a variance between the indictment and proof, that it authorized the giving of the peremptory instruction directing his acquittal. In other words, one cannot, under an indictment charging him with feloniously breaking into a storehouse, be convicted upon proof of his having broken into a dwelling house, which is a wholly different offense or crime defined by section 1162, Kentucky Statutes, and the punishment for which, as therein provided, is greater than that prescribed for breaking into a storehouse, being confinement in the penitentiary not less than two nor more than ten years. It will thus be seen that these are separate and distinct offenses or crimes, neither being a degree of the other.

Section 178, Criminal Code, provides, "The dismissal of an indictment by the court on demurrer, except as provided in section 169, or for objection to its form or substance taken on the trial, or for *variance* between the indictment and proof, shall not bar another prosecution for the same offense."

It is manifest that appellant could not have been legally convicted under the first indictment for feloniously breaking into a dwelling house. In Cooley's Constitutional Limitations, page 328, it is said:

"If the first indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached on the first must constitute a protection against a trial of the second." Turner v. Commonwealth, 19 R., 1161; Drape v. Commonwealth, 29 R., 981.

In this connection we will consider the third ground of appellant's complaint, that the court failed to instruct the jury, if they found him guilty at all, his of-

fense was only grand larceny. As the verdict of the jury found the appellant guilty of grand larceny, under the instruction which permitted them to so find, this ground of complaint might be dismissed with the remark, that he was not prejudiced even from his own point of view by the failure of the court to give the instruction in the form asked by him. However, the instruction given, which authorized the jury to find him guilty of grand larceny, was improper, as neither grand nor petit larceny are degrees of the crime of housebreaking, whether the house broken into, be a dwelling house or storehouse; therefore, the provisions of section 262, Criminal Code, which declares that: "Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment," do not apply. By subsection 5 of section 263, Criminal Code, housebreaking is made a degree of the crime of burglary, but neither section 263 nor any of its subsections, make larceny a degree of the offense of housebreaking.

In Farris v. Commonwealth, 90 Ky., 637 we held that an indictment for "feloniously breaking a storehouse with intent to steal, and stealing articles of value therefrom," charged but a single offense, although it alleged both the breaking with intent to steal and the actual stealing; the stealing being merely evidence of the intent with which the breaking was done.

The indictment was found under section 1164 of the statutes. The defendant was convicted in the court below and on appeal he contended that the demurrer filed by him to the indictment should have been sustained, on the ground of a misjoinder of offenses; it being claimed that it included both the statutory offense of breaking into a storehouse with intent to steal, and the common law offense of grand larceny by stealing from the house, following the breaking, property of value sufficient to constitute the latter offense. In rejecting that contention we, in the opinion, said:

"Is this indictment, however, of a dual character? Does it really charge two offenses? In proof that it does counsel urge if the portion which avers that the accused 'did unlawfully and feloniously take, steal and carry away,' the property be omitted, there yet re-

mains the charge of breaking into the storehouse with intent to steal; and if the latter be omitted, yet the charge of larceny remains, and that this fact evidences a misjoinder of offenses. We do not think so. The gravamen of the offense denounced by the statute, supra, is the breaking into a storehouse with a felonious intent. This being so, the indictment may properly charge not only that the breaking was with the intent to steal, but that the party actually did steal property therefrom. The stealing shows the intent of breaking into the house. It is the very best evidence of it; and if it can be proven under an averment of a breaking with intent to steal, we fail to see why it cannot be charged in the indictment without rendering it liable to the charge of duplicity. The averment and evidence in support of it only verifies the intent as felonious with which the breaking was done.

"In the case of Olive v. Commonwealth, 5 Bush, 376, where the indictment for burglary, instead of averring that the breaking was done with intent to steal, which would have been sufficient, went further and alleged the ulterior felony, or that the accused actually did steal, it was held that this did not vitiate it. The court said: 'But in this case more is charged in the indictment than was necessary, and the attorney for the Commonwealth, instead of stating the intent, has alleged the actual commission of the ulterior felony in the house broken and entered, as a substitute for the usual averment of the intent to commit the particular felony, which certainly should not vitiate the indictment; for the commission of the felony, where one is actually committed, is the very best evidence of the intent to commit it, and this accords with the general doctrine on the question.'

"Where the breaking with the intent to steal is shown the offense is complete, but the Legislature saw fit to add to the statute, 'or shall feloniously take therefrom,' not as establishing the breaking, but as showing the felonious intent. The statuory offense is the breaking with the intent to steal, or the breaking followed by a stealing, which evidences the felonious intent merely, and which may, therefore, be charged in the indictment. The words of the statute, 'with intent to steal, or shall feloniously take therefrom,' relate to the offense of breaking the storehouse merely, and both

the intent and the stealing evidencing it may, therefore, be charged in an indictment under this statute.''

What is here said with respect to the breaking into a storehouse, defined as an offense by section 1164, Kentucky Statutes, applies with equal force to the offense of breaking into a dwelling house defined by section 1162 of the statute. Therefore, in stating either offense, the indictment may properly charge, not only that the breaking was with intent to steal, but that the party actually did steal property therefrom.

We further held in Farris v. Commonwealth, supra, that under the indictment in that case it was error to instruct the jury as to grand or petit larceny; in respect to which error we said:

''While, therefore, the court did not err in overruling the demurrer, yet when it came to instruct the jury, it, owing doubtless to the press of business and subsequent haste which often attends the trial court, fell into an inconsistency, and in effect, adopted the view contended for by the counsel for the accused as to the indictment. After instructing the jury properly as to the statutory offense charged in the indictment, it then instructed them as to both grand and petit larceny. It thus authorized them, without regard to any housebreaking, to convict the accused of either of these common law offenses, the value of the property stolen being the turning point between them, provided they believed, to the exclusion of a reasonable doubt, that he did the stealing. This error is not cured by the verdict, because of its general character. It is, 'We, of the jury, find the defendant guilty as charged in the indictment, and fix his punishment at three years in the penitentiary.' The testimony showed the breaking of the storehouse by some one, and the possession not long after by the accused of some of the stolen property. The jury may, upon the evidence and under the instructions, have found the accused guilty of breaking the house with the felonious intent, or they may have found him guilty of grand larceny without regard to any breaking of the house. Whether the one or the other, it is impossible to tell from the verdict. The punishment for either offense is the same by our law. They were told by the instruction that they could do either and were, therefore, instructed that they could convict the accused of grand larceny when he was not charged with

such an offense. While the verdict is, 'guilty as charged in the indictment,' yet, taking the court's instructions, the jury were bound to believe that he was charged with both housebreaking and larceny, and that they had a right to convict him of either, and it cannot be told from the verdict which has been done. Error in instructions leading to such a result can in no possible view be regarded as cured by the verdict. Such uncertainty cannot be permitted in the administration of the criminal law.''

The error committed by the trial court in instructing the jury, in the instant case, that they might find appellant guilty of grand larceny, led the jury into a graver error; that of finding him guilty of an offense which was not charged in the indictment, nor is it a degree of the offense charged.

The instructions should have confined the jury to a determination of the question whether appellant was guilty or innocent, of the offense of feloniously breaking into a dwelling house, as charged in the second indictment. There was no error in the rejection of the appellant's plea of a former acquittal; but because of the error committed by the court in instructing the jury that they might find him guilty of grand larceny, the judgment must be and is reversed and cause remanded for a new trial consistent with the opinion.