**James Joseph DANKS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 3, 1967.

Carl Schnee, Asst. Public Defender, for appellant.

Francis A. Reardon, Deputy Atty. Gen., for appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices, sitting.

CAREY, Justice.

At trial in Superior Court, the jury found appellant James Joseph Danks guilty of burglary in the third degree. Subsequently, the appellant renewed a motion for acquittal which had been denied during the trial. The trial Judge held, as a matter of law, that the conviction of burglary in the third degree was unjustified and, over appellant's objection, ordered a new trial limited to burglary in the fourth degree. A second trial was held and resulted in a verdict of guilty of fourth degree burglary. In this appeal, defendant below makes four contentions: (1) the evidence was insufficient, under the circumstantial evidence rule, to justify a conviction; (2) the Court below, by ordering a new trial on fourth degree burglary, amended the indictment as to a matter of substance—an action which it has no power to take; (3) the second trial placed the defendant in double jeopardy; (4) the Superior Court has no power to order a new trial in a criminal case on its own motion over defendant's objection.

The indictment in this case was based upon T. 11 Del.C. § 394 which defines the felony of third degree burglary as breaking and entering the dwelling house of another with intent to commit a crime therein. T. 11 Del.C. § 395 defines the lessor felony of fourth degree burglary as including the breaking and entering of any

building with intent to commit a crime therein. T. 11 Del.C. § 399 provides that a person indicted for burglary of any degree may be found guilty of that degree or of a lesser degree if the evidence warrants such finding.

The motion filed after the first trial was based upon two grounds: first, insufficiency of the evidence to justify a conviction under the circumstantial evidence rule; and, second, the building broken into was not a dwelling house. The trial Judge found no merit in the first ground but agreed with defendant's second contention. The first argument was presented again at the second trial but was overruled. Obviously, a ruling in appellant's favor on that point would terminate the case; we therefore consider it first.

It becomes necessary to summarize the evidence. The building broken into was for years a dwelling house. No one had actually lived in it for about two years, but certain furniture and household articles were still inside it. The building is located about 150 or 200 feet back from a dual highway. The owner of the property, Mr. Rambo, who lives nearby, was driving his truck past the property about six P.M. on July 12th, 1965 and noticed a car parked in the driveway about 15 feet from the building. He pulled into the driveway and stopped his truck about 20 feet from the car. He saw no one in the car. Noticing that a front window of the house was wide open, he noted the license number of the car, and went back across the highway to a neighbor's house to call the police. He and Mr. Hallihan, who was at the neighbor's home, returned to the median strip of the highway, whence Mr. Rambo went to another house nearby to get a gun, while Mr. Hallihan kept watch. A few moments later the latter saw the car pull away from the house, veer around Mr. Rambo's parked truck and turn into the highway, passing him within a few feet. The driver, who was alone in the car, waved to Mr. Hallihan as he went by. At the trial, Mr. Hallihan

positively identified defendant as the driver, although he had never seen him previously.

The State Police, upon arrival, found that the building had been entered by the removal of a window in the rear. The interior had been completely ransacked, drawers pulled out and emptied on the floor and mattresses pulled from the bed. Tire marks on the driveway indicated a hasty departure of the car which had been there.

Some two weeks later, a police officer observed defendant driving a car which answered the description furnished by Mr. Rambo. Defendant was arrested, the car was taken to a police station, and the license tag was later removed. It was then discovered that some of the numbers thereon had been shifted around and riveted to new locations on the tag, but there were certain marks which showed that the original arrangement of the numbers was the same as Mr. Rambo had noted on the day of the burglary.

Defendant's unsupported testimony was a denial of any knowledge of the crime. He stated that he was out of the State at the time and had given permission to a friend to use the car while he was gone. He denied all knowledge of the license tag, but admitted ownership of the car.

■ Appellant does not deny that a burglary was committed but argues that the State's evidence of his participation in the burglary was purely circumstantial and shows at most that he was in the area of the building burglarized and had an opportunity to participate in it. He contends that the facts permit conclusions other than guilt and are insufficient to justify a conviction, under the rule mentioned in Schaffer v. State, Del., 184 A.2d 689. We disagree. We think the only rational conclusion to be drawn from the State's evidence is that of guilt. Cf. Smith v. State, Del., 229 A.2d 21, and O'Neal v. State, which has not been reported as yet. In our opinion, the Court below was correct in

denying defendant's motion for acquittal on this ground.

■ We turn now to appellant's other contentions. As pointed out above, our statutes permit a finding of guilt of a lesser degree of burglary than is charged in an indictment if the evidence justifies such finding. In a sense, therefore, a charge of third degree burglary includes a charge of fourth degree burglary just as though it were set out in a separate count. For this reason, there is no merit in appellant's suggestion that the trial court in effect amended the indictment when it held that the second trial would be confined to fourth degree burglary. In that respect, therefore, the trial Court committed no error.

■ During the first trial, the Court held that the building was a dwelling house. Following the briefing which took place after the verdict, the Court came to the conclusion that it was not a dwelling house within the meaning of our statute. This ruling is unquestioned here and we assume, without deciding, that it was correct. The error, however, did not justify an acquittal of any crime save that of third degree. Had the ruling been made during the trial, the jury would have been instructed that they could find the defendant guilty of no greater crime than fourth degree burglary. To the extent that the defendant relied upon the circumstantial evidence rule *, his post-trial motion was an application for complete acquittal and was properly designated as such; but to the extent that it was based upon the definition of a dwelling house, it was, and could be, nothing more than a motion for acquittal of third degree burglary. Simply calling his application a motion for acquittal did not change his rights, nor were those rights altered by the fact that the ruling was not made until after the verdict. A conceivable way to have cured the mistake, aside from a new trial, would have been to direct the entry of a verdict of guilty of fourth, rather than

third, degree burglary—a solution which might be of questionable validity. By the order entered, defendant received the benefit of every right he had, plus the opportunity (not often given to defendants) to have the question of guilt passed on by another jury.

■ We think the answer to appellant's contention concerning double jeopardy is well stated in State v. Boyles, 7 W. W.Harr. 223, 181 A. 362, in this language:

"It is universally true that an accused is estopped to plead a prior conviction where that prior conviction has been reversed, for error, upon proceedings brought by the accused himself".

Some authorities speak of waiver rather than estoppel but the result is the same. See 22 C.J.S. Criminal Law § 271, p. 696; 21 Am.Jur.2d 253; 1 Wharton on Criminal Law and Procedure (Anderson) § 142. We do not have here a reversal based on lack of evidence, but one based upon error of law, a distinction which has been discussed at some length in 31 Chicago Law Review 365. It is true that appellant objected to a new trial before the order was entered, although the objection was apparently made after the trial Judge had indicated during a conference with counsel his belief that the building was not a dwelling house. The objection came too late.

■ We see no need to answer categorically the problem of whether a trial Court may, in any given situation, order a new trial on its own motion. See 85 A.L.R.2d 486. Here, the trial Court did not act entirely upon its own volition; it acted because defendant himself asked the Court to act. Having successfully moved that the verdict of the third degree burglary be set aside, and having received the greatest relief which was justified, defendant cannot complain.

The judgment below will be affirmed.

* Apparently, the State's evidence was the same at both trials.