Paul Knorr FILLMAN, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Feb. 27, 1969.

A. Richard Barros, of Brown, Shiels &
Barros, Dover, for defendant below, appel-
lant.

William Swain Lee and William M.
Chasanov, Deputy Attys. Gen., Georgetown,
for plaintiff below, appellee.

WOLCOTT, C. J. and CAREY and
HERRMANN, JJ., sitting.

HERRMANN, Justice:

■ The determinative issue in this ar-
son case is whether the structure burned
was a "dwelling house" within the meaning
of 11 Del.C. § 352.* We think not.

The defendant Paul Knorr Fillman was
convicted of arson in the second degree

---

* 11 Del.C. § 352 provides:
  "§ 352. Arson in the second degree
  "Whoever wilfully and maliciously burns
  or sets on fire any dwelling house, wheth-
  er it is his own or that of another, in
  which there is not at the time a human
  being, is guilty of arson in the second
  degree and a felony, and shall be fined
  not less than $500 nor more than $5,000,
  and imprisoned not less than 2 nor more
  than 10 years."

under § 352. The undisputed evidence is that the building involved was a dilapidated four room structure, in a rural area, which had not been used for habitation for more than 5 years prior to the fire; that its windows were broken out and its one door left open; that it had no water, gas, or electric, and was empty of any furniture or furnishings; that it was not fit for habitation at the time of the fire.

■ At common law, it is agreed, this building would not have been considered a "dwelling house" subject to arson. The term "dwelling house" was a word of art at common law. Historically, the crime of arson is against the security of habitation—not the safety of property. Where a building, although formerly used as a dwelling, has been abandoned for such purpose, has been unoccupied for a prolonged period of time, and has become unfit for habitation, it is deemed to have lost its character as a dwelling house and is not subject as such to common law arson. 5 Am.Jur.(2d) "Arson and Related Offenses" § 17; 6 C.J.S. Arson § 9; Annotation, 44 A.L.R. (2d) 1456, 1460.

■ Unless there is some indication in our statutes to the contrary, the common law conception of a "dwelling house" in the law of arson must be deemed to prevail. No such indication to the contrary appears in § 352.

There is § 353, however, which provides:

"§ 353. Allegations of indictment and proof

"In framing any indictment for arson in the first or second degree, if at the time of the commission of the offense, the dwelling house is unoccupied or vacant it shall be sufficient to so allege in the indictment and prove the holder of the record title thereof. If at the time of the commission of the offense the dwelling house is occupied, it shall be sufficient to allege in the indictment and

prove the occupant thereof, whether such occupant is a tenant or otherwise."

The Superior Court held that the structure here involved was a vacant dwelling house within the meaning of § 353 and that, by virtue thereof, the structure was subject to arson in the second degree under § 352.

■ In our view, § 353 does not define the basic term "dwelling house" as that term is used in § 352. The provisions of § 353 deal with procedures governing cases which involve a certain category of dwelling houses, i. e., vacant or unoccupied ones; but § 353 does not alter or change the common law meaning of the basic term which is deemed incorporated in § 352. Otherwise stated: if, as here, a structure has lost its character as a "dwelling house" by reason of abandonment, disrepair, and unfitness for habitation, its status as a "dwelling house" within the meaning of § 352 is not revived by virtue of § 353. Accordingly, we hold § 353 inapplicable here. Compare Henderson v. State, 105 Ala. 82, 16 So. 931 (1895); Danks v. State, Del., 229 A.2d 789 (1967).

This conviction of arson in the second degree, therefore, must be set aside.

This case points up a void in our arson statutes: We have arson in the first degree (11 Del.C. § 351) covering the unlawful burning of any dwelling house or adjoining building "in which there is at the time a human being." There is arson in the second degree (§ 352), discussed herein, covering any dwelling house "in which there is not at the time a human being." Another statute, § 355, covers the burning of ships, mills, business establishments, churches, meeting houses, schools, and miscellaneous other specified public buildings. But we have no statute covering the burning of "any other building" such as would include the structure involved in this case.* This void, we suggest, is a matter for the attention of the General Assembly.

* Compare the "catch-all" provision of our burglary statutes, 11 Del.C. § 395. Also

pertinent is the malicious mischief statute, 11 Del.C. § 691.