PEOPLE *v.* LARSON

BURGLARY—BREAKING AND ENTERING—OCCUPIED DWELLING.
"Occupied dwelling" as used in the statute establishing the
offense of breaking and entering an occupied dwelling refers
to any dwelling house habitually used as a place of abode
whether or not an occupant is physically present at the time
of the breaking and entering (MCLA § 750.110).

Appeal from Muskegon, Albert J. Engel, J.   Sub-
mitted Division 3 November 7, 1969, at Grand
Rapids.   (Docket No. 6,625.)   Decided November
26, 1969.

Maurice "Hook" Larson was convicted, on his plea
of guilty, of breaking and entering an occupied
dwelling house with intent to commit larceny.   De-
fendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Paul M. Ladas,*
Prosecuting Attorney, for the people.

*Jerome R. Sanford,* for defendant.

Before:   FITZGERALD, P. J., and R. B. BURNS and
BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
13 Am Jur 2d, Burglary §§ 3, 4.

Per Curiam. Defendant pled guilty to and was convicted of breaking and entering an occupied dwelling house with intent to commit larceny. MCLA § 750.110[1] (Stat Ann 1968 Cum Supp § 28-.305).[2] The only relevant facts are as follows:

The crime occurred on or about April 2, 1968. The structure into which defendant broke and entered with intent to commit larceny was used exclusively as a dwelling house by the family that owned it. At the time of the breaking and entering, no one was physically present in the dwelling house, the owners having temporarily departed to do errands.

The trial court held that the dwelling was in fact, at the time of the breaking and entering, an occupied dwelling house, and, therefore, defendant was guilty of the crime charged in the information. Defendant on appeal argues that the house was unoccupied at the time of the crime and therefore the maximum sentence he could receive was 10 years, rather than the 4-to-15-year sentence he actually received.

The only issue is whether defendant broke and entered an "occupied dwelling house" within the meaning of the statute as it read at the time of the crime.

---

[1] "Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years."

[2] PA 1968, No 324 amended MCLA § 750.110 by adding the following: "For the purpose of this section 'any occupied dwelling house' includes one that does not require the physical presence of an occupant at the time of the breaking and entering but one which is habitually used as a place of abode." This amendment became effective November 15, 1968.

Defendant knowingly pled guilty to a charge of breaking and entering an occupied dwelling. The trial judge found that the residence broken into was indeed an occupied dwelling.

Defendant's unsupported argument that occupancy requires physical presence must fail. · The trial judge in rejecting that argument noted that within the common law definition occupancy does not require physical presence.

"[I]t is not necessary that he remain in the house or be there at the time of the commission of the burglary, nor is the duration of his absence material, provided he actually intends to return." 85 ALR 424, 429; 13 Am Jur 2d, Burglary, § 4, p 321.

In *People* v. *Birts* (1969), 16 Mich App 237, this Court stated, at pp 239, 240:

"We regard this clarifying amendment [PA 1968, No 324] as expositive of the correct construction of this section prior to the effectiveness of such amendment rather than as changing the meaning of the section. The term 'occupied' was used to convey the meaning attaching to that word in definitions of common-law burglary. At common law a breaking and entering of a structure habitually used as a dwelling house was burglary even though none of the occupants of the house were physically present at the time the offense was committed. 13 Am Jur 2d, Burglary, §§ 3, 4; 2 Wharton's Criminal Law and Procedure, §§ 423, 427. See, also, *Handy* v. *State* (1904), 46 Tex Crim 406 (80 SW 526)."

The Court in *Birts* concluded that when the owners are temporarily absent from their home at the time of the breaking and entering, it does not convert their home from an occupied to an unoccupied dwelling. The Court also held on the basis of *Stupetski* v. *Transatlantic Fire Insurance Co.* (1880), 43 Mich 373, 375:

"It would we think be regarded as singular doctrine to hold that families leaving their houses on excursions or other temporary occasions cease to occupy them."

We find the reasoning and outcome of *People* v. *Birts, supra,* compelling and controlling.

Affirmed.