STATE OF HAWAII, Plaintiff-Appellee, *v.* LARRY REZAC, Defendant-Appellant

NO. 7411

DECEMBER 10, 1980

HAYASHI, C.J., BURNS, J., AND CIRCUIT JUDGE WAKATSUKI IN PLACE OF ASSOCIATE JUDGE PADGETT, RECUSED

*Per Curiam.* Defendant-appellant (hereinafter appellant) appeals his conviction for assault in the third degree in violation of Hawaii Revised Statutes § 707-712(1)(a).

The issue presented on this appeal is whether there is sufficient evidence to support the conviction.

We affirm the conviction.

Appellant was charged by complaint with assault in the third degree, to-wit:

That on or about the 19th day of September, 1978, at the Maalaea Boat Harbor, in the District of Wailuku, County of Maui, State of Hawaii, LARRY REZEC did intentionally, knowingly, or recklessly cause bodily injury to LAURA BOSKOFF, by grabbing and shoving her to the

ground, thereby committing the offense of Assault in the Third Degree in violation of Section 707-712(1)(a) of the *Hawaii Revised Statutes.*

Trial was jury-waived and testimony was given by Laura Boskoff, the complaining witness, by Marvin Romme, and by the appellant. At the close of the evidence the court found the appellant guilty and fined him. Appeal is taken from that judgment.

The relevant facts reveal the following: The appellant met Laura Boskoff at the Liberty House Department Store on Maui. They went to a bar adjacent to the store and had a few drinks and conversation. Laura Boskoff drove home and the appellant followed her to the parking lot of her apartment complex. Laura Boskoff got into the appellant's car and rode with the appellant to Buzz's Wharf, a nearby restaurant, for more drinks and dinner. When they arrived the kitchen was apparently closed so pupus were ordered by the appellant along with drinks. There is conflicting testimony as to what transpired from there on. Laura Boskoff became upset at some remarks the appellant made and left the restaurant to return home on foot. The appellant testified that he followed her alongside the road in his automobile and insisted on taking her home because he felt an obligation to do so and because Laura Boskoff was "drunk". When she refused to ride with him, he left. Laura Boskoff testified that she had previously walked the distance from Buzz's Wharf Restaurant to her apartment and decided to do so this time because of the abusive comments the appellant had made about an acquaintance. As she was walking home, the appellant pulled alongside her and tried to force her into the car. According to her testimony he became abusive and shoved her to the ground, injuring and frightening her, and drove off when nearby patrons of the restaurant came to see what all the commotion was about.

The only other testimony given was by Marvin Romme, a patron in the restaurant who observed the confrontation between the appellant and Laura Boskoff. Romme testified that he saw the appellant and Laura Boskoff enter the restaurant

and thereafter saw Laura Boskoff storm out angrily and observed the appellant's car pull alongside her as she began walking towards home. Romme testified to seeing the appellant get out of the car and approach Laura Boskoff. Romme and his friends approached the two at that time. At that point Romme saw Laura Boskoff's purse in the air but did not know whether she was trying to hit the appellant with her purse or that "her arms were being held in the air." The appellant immediately drove off and Romme took Laura Boskoff home as she was frightened and highly upset.

Appellant's primary contention seems to be that the trial court did not have a sufficient basis to find the defendant guilty beyond a reasonable doubt. His argument is essentially directed at the credibility to be ascribed to Laura Boskoff and to him with him being the more credible. He argues that the testimony of Laura Boskoff is to be discredited by us because he believes her to be a "paranoid personality".

The law in this area is clear and well-settled. On appeal of a criminal conviction, our standard of review is not whether guilt has been proven beyond a reasonable doubt but rather whether there is substantial evidence to support the verdict. *State v. Kahalewai*, 55 Haw. 127, 516 P.2d 336 (1973); *State v. Hernandez*, 61 Haw. 475, 605 P.2d 75 (1980); *State v. Cummings*, 49 Haw. 522, 423 P.2d 438 (1967). It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite finding for conviction. *State v. Cummings, supra.*

Equally clear and well-settled is the rule that a trial judge acting as the fact finder assesses the credibility to be ascribed to the witnesses and resolves questions of fact. The fact finder may accept or reject any witness' testimony in whole or in part. *State v. Cannon*, 56 Haw. 161, 532 P.2d 391 (1975). Our supreme court in *Cannon* succinctly stated our review standard:

> . . . [I]n reviewing the sufficiency of the evidence to support the conviction the appellate court "must take that view of the evidence with inferences reasonably and justifiably to be drawn therefrom most favorable to the Gov-

ernment, without weighing the evidence or determining the credibility of the witnesses. . . ."

*State v. Cannon, supra,* at 166.

Applying these standards to the evidence before us, it becomes clear that appellant's argument must fail. What we are left with is the testimony of Laura Boskoff, Mr. Romme and the appellant. The trial court specifically found Laura Boskoff to be the more credible witness. The relevant portions of her testimony that dealt with the circumstances surrounding the actual assault upon her were in large part corroborated by Romme. Appellant's testimony of the surrounding circumstances is in conflict. The elements of the offense were proven through the testimony of the complainant and Mr. Romme. The court was satisfied that the proof was beyond a reasonable doubt.

Accordingly, we have no basis to conclude that the trial court's judgment is unsupported by substantial evidence. Therefore, the judgment of the trial court is affirmed.

*Ralph E. Corey* for defendant-appellant.

*Gerard D. Lee Loy,* Deputy Prosecuting Attorney, County of Maui, for plaintiff-appellee.