STATE OF HAWAII, Plaintiff-Appellee, *v.* VERNON MALUHIA MINER, Defendant-Appellant

NO. 8016

CRIMINAL NO. C1980-5161
DECEMBER 9, 1981
HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY HAYASHI, C.J.

Vernon Miner appeals his conviction for criminal trespass in the first degree and argues that reversal is warranted because the State failed to establish that the structure in which he trespassed was a "dwelling" within the meaning of the statute.

We find that there was substantial evidence to support the court's findings and we affirm the conviction.

The facts reveal that early in the morning of August 7, 1980, the appellant was found rummaging through various items strewn about the living room floor of a building at 1413 Dominis Street in Honolulu. He had not been invited onto the premises, nor was he there with the consent of the owner. Admittedly, the premises were in disrepair, for the evidence revealed that portions of the floor were rotted through, small holes were in the ceiling, and the shingles were falling off the roof. A back door screen was torn off, although the windows were intact. There were some furnishings on the premises: a sofa, beds, books, and appliances. Mrs. Correa, the owner, also testified that various articles of clothing, dishes, jewelry, art objects, and war bonds were also on the premises.

From its appearances, the appellant presumed the premises to be abandoned. Detective Gonsalves of the Honolulu Police Department testified that Mrs. Correa told him she didn't intend to occupy the premises and would eventually tear the house down and he, too, presumed it to be abandoned. However, Mrs. Correa at trial was quite adamant in her contention that the premises had not been abandoned. She denied having told Detective Gonsalves of an intent to abandon. She stated that while she had not occupied the house since March of 1980, she visited the residence almost every day to pick up her mail and check for signs of trespassing and was in the process of having some repairs made. She also testified that she had made arrangements with a neighbor to "keep an eye on the place" and had secured the front and back doors with locks.

The court apparently chose to place greater credibility on the owner's representations at trial, a matter unquestionably within its prerogative. *State v. Cannon,* 56 Haw. 161, 532 P.2d 391 (1975); *State v. Rezac,* 1 Haw. App. 455, 620 P.2d 759 (1980).

Appellant contends that because the structure was abandoned at

the time of his entry, it was not a "dwelling" within the meaning of § 708-800 of the Hawaii Revised Statutes (HRS), and, therefore, could not be the subject of a criminal trespass pursuant to HRS § 708-813(1).

HRS § 708-813(1) provides:

*Criminal trespass in the first degree.* (1) a person commits the offense of criminal trespass in the first degree if he knowingly enters or remains unlawfully in a dwelling or if he knowingly enters or remains unlawfully in or upon the premises of a hotel or apartment building.

HRS § 708-800(6) defines a dwelling thusly:

(6) "Dwelling" means a building which is used or usually used by a person for lodging.

Appellant argues that because the structure had been unoccupied for several months and was very run-down, it was abandoned and was not a building usually used by a person for lodging. We disagree.

Other jurisdictions faced with the similar issue have held, and we agree, that an unoccupied house does not cease to be a dwelling because of the temporary absence of the owner.

Having been designed for and used as a dwelling house, it remains a dwelling house, though temporarily unoccupied until converted to some other use.

*Thomas v. Commonwealth,* 150 Ky. 374, 150 S.W. 376 (1912).

In accord with this view are *State v. Lisiewski,* 20 Ohio 2d 20, 252 N.E.2d 168 (1969); *State v. Bair,* 112 W. Va. 655, 166 S.E. 369 (1932); *see also People v. Larsen,* 20 Mich. App. 301, 174 N.W.2d 82(1970).

A structure, although unoccupied, does not become abandoned unless it is "wholly forsaken or deserted." *Commonwealth v. Henderson,* 419 A.2d 1366 (Pa. Super. Ct. 1980). *Henderson* involved a burglarized seminary building that was no longer in use as such, but had been put on the market for sale, and was visited daily by a caretaker in the two months it had been unoccupied.

*Fillman v. State,* 251 A.2d 557 (Del. Super. Ct. 1969), found abandonment only where the structure in question, which was the subject of arson, had no windows, no furniture, no doors, no evidence of occupancy for at least five years, and was so run-down that it had become "unfit for habitation."

In the case before us, the court below erroneously stated that the

structure was a "dwelling" within the meaning of HRS § 708-800 because of its "location and description," rather than directing its focus to the use of the premises.[1] However, the erroneous statements of the court in making its findings that result in a correct verdict do not constitute reversible error. In determining whether there is substantial evidence to support the verdict, the reviewing court can and must look at the entire record, and not just the oral statements made by the judge, so that even where the judge's reasoning is erroneous, if the evidence on the whole supports the finding of guilt, the judgment will be affirmed. *State v. Napoleon,* 2 Haw. App. 369, 633 P.2d 547 (1981); *State v. Alsip,* 2 Haw. App. 259, 630 P.2d 126 (1981).

In light of the evidence presented and the reasonable inferences drawn therefrom, i.e., the owner's frequent visits to the premises, her attempts at securing the premises, that home furnishings and appliances remained on the premises, and the fact that the utilities remained operative, we find substantial evidence to conclude that there was no abandonment and that the building was a "dwelling" within the meaning of the statute. *State v. Cieslik,* 1 Haw. App. 403, 619 P.2d 1102 (1980); *State v. Realina,* 1 Haw. App. 167, 616 P.2d 229 (1980). Shambles and temporary absence do not constitute abandonment sufficient to deprive a structure of its use as a dwelling.

We find other issues raised by the appellant to be without merit. Accordingly, the judgment is affirmed.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.

*Seth M. Reiss,* Deputy Public Defender, *(Lionell T. Oki* and *Keith M. Kiuchi* on the briefs) for Defendant-Appellant.

---

[1] ". . . and the court finds that the building was a residential dwelling although it may have been vacated some months earlier. It is clear by location and description that it is a dwelling which is usually used for lodging purposes. . . ."