STATE OF HAWAII, Plaintiff-Appellee, *v.* FLOYD G. BLOSS, Defendant-Appellant

NO. 8174

(TRAFFIC CITATIONS 1346726PO AND 894292PO)

AUGUST 26, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant-Appellant Floyd G. Bloss appeals two "convictions" of parking a vehicle beyond the period prescribed by law.[1] We affirm.

Appellant raises four issues:

I. Whether the testimony of a police officer who had no independent memory of the violation of March 31, 1980, but whose testimony was based on the parking citation which he had written at the time of the violation as well as his normal routine of issuing parking citations to the vehicle in question and to other vehicles in similar circumstances, is substantial evidence supporting the finding of guilt as to that violation. We answer yes.

II. Whether the lower court erred in concluding that a vehicle parked "at" 7:00 a.m. is subject to requirements of vehicles parked "between" 7:00 a.m. and 6:00 p.m. We answer yes but hold that the error does not invalidate the judgments.

---

[1] Sections 291C-111 and 701-107, Hawaii Revised Statutes, provides:

§ 291C-111 *Noncompliance with stopping, standing, or parking requirements prohibited.* (a) * * * [T]he violation of any law, or any ordinance, whether or not established under this or any other section, prohibiting or restricting the stopping, standing, or parking of vehicles, shall constitute a violation under the Penal Code.

§ 701-107 *Grades and classes of offenses.*

* * *

(5) An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense * * * A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

III. Whether the lower court erred in finding that the vehicle was parked "beyond" the period prescribed by law. We answer no.

IV. Whether application "at" 7:00 a.m. of a law imposing requirements "between" 7:00 a.m. and 6:00 p.m. violated appellant's constitutional right to due process of law. This question has been mooted by our answers to questions II and III.

On March 28, 1980 and March 31, 1980, Officer Joseph Barros cited appellant for unlawful parking. The citations specified that the time of each offense was 7:00 a.m. "Between" 7:00 a.m. and 6:00 p.m., it was unlawful to park where appellant's vehicle was parked when the corresponding meter displayed its "violation" sign.

At the June 9, 1980 trial for the March 28, 1980 citation, appellant was orally charged:

Floyd Bloss, on or about March 28, 1980, you were charged with violating Section 22.11, street meter violation and expired meter upon a public highway within the City and County of Honolulu, State of Hawaii.

\* \* \*

Sub-section B. Permit any vehicle to remain or be placed in any parking space adjacent to any parking meter while said meter is displaying a signal indicating that the vehicle occupying such parking space has already been parked beyond the period prescribed for said parking place.

Barros testified that he recalled issuing the citation. After looking at the citation, he testified that the time recorded on the citation was 7:00 a.m. He testified that when he wrote that time on the ticket, he knew it was 7:00 a.m. because he had called the dispatch operator to confirm the time. The trial court found appellant guilty of the offense.

At the January 14, 1981 trial for the March 31, 1980 citation, appellant was orally charged:

Mr. Floyd Bloss, on or about March 31, 1980, in the City and County [sic], State of Hawaii, you did park or authorize to be parked an automobile in an expired meter, contrary to Section 22 point 11, parenthesis B, to wit: Permit any vehicle to remain or be placed in any parking space adjacent to any parking meter while said meter is displaying a signal indicating that the vehicle

occupying such parking space had all ready [sic] been parked beyond the period prescribed for such parking place.

Barros testified that he did not remember the incident or writing the citation on March 31, 1980. However, he verified the citation which he had written at the time of the incident, read part of it into the record, and testified about his normal routine of issuing parking citations at 7:00 a.m. to the vehicle in question and other vehicles in similar circumstances. He testified that his routine was to radio the police dispatcher, obtain the time to ensure that it was 7:00 a.m. or later, walk to the vehicle in violation, write out the citation, and place the citation on the windshield of the vehicle in violation. He further testified that this procedure took at least two or three minutes.

I.   TESTIMONY OF WITNESS WITHOUT INDEPENDENT
     MEMORY.

Appellant contends that the trial court's judgment is not supported by substantial evidence because the judgment is based entirely on Officer Barros' testimony which testimony is worthless due to Barros' lack of "personal knowledge" of the events. We disagree. Since Barros testified that he recalled the violation of March 28, 1980, this issue only concerns the violation of March 31, 1980.

Rule 602, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (1981) (HRE),[2] provides, *inter alia,* "Lack of personal knowledge. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." The commentary to Rule 602 explains, *inter alia,* " 'Personal knowledge' for purposes of this rule means that the witness perceived the event about which he testifies and that he has a present recollection of that perception."

At trial, the required present recollection of the perception may be satisfied, as in this case, through a past recollection that was recorded and used at trial and asserted as correct by the witness at trial. 3 J. WIGMORE, Evidence, §§ 734, 735, 747 (Chadbourn rev.

---

[2] In this case we apply the Hawaii Rules of Evidence because appellant cited them to us and the rules applied are restatements of rules applicable prior to their enactment effective January 1, 1981.

1970). Of course, the witness must have had personal knowledge of the event in the first instance. 3 J. WIGMORE, Evidence, § 747 (Chadbourn rev. 1970).

Having determined that Barros met the personal knowledge requirement, we now address the question of whether Barros' use of the citation in his testimony violated the hearsay exclusion rule (Rule 802, HRE). We hold that it did not.

Rule 802.1(4), HRE, specifically allows into evidence a past recollection that is recorded.

> Rule 802.1 *Hearsay exception; prior statements by witnesses.* The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:
>
>     \*    \*    \*
>
> (4) Past recollection recorded. A memorandum or record concerning a matter about which the witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Rule 802.1(4) is identical to Rule 803(5), Federal Rules of Evidence (1972). 11 J. MOORE, Evidence, § 803(5) [5] (2nd ed. 1982), states: "The purpose of Exception (5) is not to refresh the memory of a witness who then testifies with his testimony becoming the evidence. Its purpose is to provide that recorded recollection, which satisfies certain requirements, may be used as evidence when the witness now has insufficient recollection to testify."

In this case, the traffic citation of March 31 was a record concerning appellant's parking violation, of which Barros once had personal knowledge but at trial had insufficient recollection to enable him to testify fully and accurately. The citation was made by Barros when the matter was fresh in his memory, in fact contemporaneously, and accurately reflected Barros' knowledge of the matter. Thus, the requirements of Rule 802.1(4) were met.

We now address the question of whether Barros' testimony about his normal practice in issuing parking citations to the vehicle in

question and to other vehicles in similar circumstances was relevant (article IV, HRE). We hold that it was.

Rule 406, HRE, specifically allows into evidence testimony regarding a person's routine practice.

> Rule 406 *Habit; routine practice.* Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

The routine practice which Barros testified to was his procedure in issuing parking citations at 7:00 a.m. to the vehicle in question and to other vehicles in similar circumstances. Thus, Barros' testimony of his routine practice was relevant to prove that he acted in conformity therewith in issuing the parking citations in this case.

In any event, Rule 103(a) (1), HRE, provides:

> Rule 103 *Rulings on evidence.* (a) Effect or erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:
>
> > (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]

Appellant did not object to Officer Barros' testimony nor did he move to strike it. Consequently, it is evidence in the record that may be used to satisfy the substantial evidence requirement. *State v. Pastushin,* 58 Haw. 299, 568 P.2d 504 (1977).

## II. "BETWEEN" OR "AT".

Appellant contends that the lower court erred when it ruled that a vehicle parked "at" 7:00 a.m. is subject to the requirements of vehicles parked "between" 7:00 a.m. and 6:00 p.m. We agree. "Between" excludes the two end points. However, appellant was charged not by the written parking citations which stated " 'at' 7:00 am" but by the oral charges given at the start of the trials under Rule 7 of Hawaii Rules of Penal Procedure (1977). Such charges did not allege any specific time. The question, then, is whether the record

contains substantial evidence supporting the court's finding that appellant parked "beyond" the period prescribed on the two occasions in question. *State v. Hernandez,* 61 Haw. 475, 605 P.2d 75 (1980).

## III. "BEYOND" THE PERIOD PRESCRIBED.

In determining whether there is substantial evidence to support a verdict, the reviewing court must look at the entire record and is not bound by the oral statements made by the judge. Even when the judge's reasoning is erroneous, if the evidence in its totality supports a finding of guilt, the judgment will be affirmed. *State v. Miner,* 2 Haw. App. 581, 637 P.2d 782 (1981).

In this case, the trial court erroneously stated that if appellant was parked "at" 7:00 a.m., he was guilty. However, there is substantial evidence in the record that on both dates appellant parked "beyond" 7:00 a.m. while the meter's violation sign was on display.

## IV. CONSTITUTIONALITY.

Because we find that the vehicle was parked beyond 7:00 a.m., it is unnecessary for us to address this issue.

Affirmed.

*Evan R. Shirley (Marguerite B. Simson* with him on briefs; *Shirley & Jordon* of counsel) for appellant.

*Vincente F. Aquino,* Deputy Prosecuting Attorney, for appellee.