PEOPLE *v.* COLLINS

1. BURGLARY — BREAKING AND ENTERING — APARTMENT — OCCUPIED DWELLING.
   "Occupied dwelling" as used in the statute defining the offense of breaking and entering an occupied dwelling includes any private apartment habitually used as a place of abode.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION—COURT RULES.
   Claims of error in instructions to the jury not raised for consideration by the trial court may not be reviewed on appeal (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 December 3, 1969, at Detroit. (Docket No. 6,930.) Decided December 8, 1969.

Earlie Collins was convicted of breaking and entering of an occupied dwelling with the intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary § 3 *et seq.*
What is a "building" or "house" within burglary statutes, 78 ALR2d 778.
[2] 5 Am Jur 2d, Appeal and Error § 891 *et seq.*

Before: R. B. BURNS, P. J., and HOLBROOK and
V. J. BRENNAN, JJ.

PER CURIAM. Defendant was convicted on August
28, 1968, by a jury in the recorder's court for the
city of Detroit of the crime of breaking and entering
an occupied dwelling with the intent to commit lar-
ceny therein. MCLA § 750.110 (Stat Ann 1968 Cum
Supp § 28.305).

Defendant asserts that the maximum term of his
sentence should have been 10 instead of 15 years,
because complainant's private apartment is not a
dwelling house within the meaning of the applicable
statute. The question is one of statutory construc-
tion. At common law an apartment used as a place
of residence is a dwelling house. Black's Law Dic-
tionary (4th ed), p 596.

In the instant case the private apartment in ques-
tion *was habitually used as a place of abode* and,
in fact, was occupied at the time of the breaking
and entering. The private apartment thus qualifies
as an occupied dwelling house under the statute.
*People* v. *Birts* (1969), 16 Mich App 237.

Defendant asserts claims of error in the trial
court's instructions. These alleged errors were not
objected to at the trial pursuant to GCR 1963, 516.2.
Claims of error not raised for consideration by the
trial court may not be reviewed on appeal. *People*
v. *Omell* (1968), 15 Mich App 154.

Affirmed.