PEOPLE *v.* THOMAS MARTIN

1. BURGLARY—BREAKING AND ENTERING—OCCUPIED DWELLING—DEFI-
NITION.

>An "occupied dwelling" as used in the statutory offense of break-
>ing and entering an occupied dwelling house refers to any
>dwelling house habitually used as a place of abode; a statutory
>amendment, defining the "occupied dwelling", did not change
>the meaning of the section, but only clarified it.

2. CRIMINAL LAW—RIGHT TO SILENCE—PROSECUTOR'S COMMENT—
JUDGE—WITHOUT JURY.

>Allowing the prosecution to ask the defendant if, at the time
>of his arrest, he had told the arresting officer that he was
>innocent and allowing other questions which, possibly, might
>be impermissible comments on the defendant's right to remain
>silent were harmless error, if error at all, where the case was
>tried before a judge without a jury and where, from the
>trial judge's findings, it appears that the trial judge in
>reaching his judgment, did not rely upon the defendant's
>failure to protect his innocence.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 June 17, 1970, at Detroit. (Docket
No. 8,630.) Decided August 28, 1970.

Thomas Martin was convicted of breaking and
entering an occupied dwelling and receiving stolen
goods. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary §§ 3, 4.
[2] 53 Am Jur, Trial § 1125.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*John J. McCann,* for defendant on appeal.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. On May 10, 1968, defendant Thomas Martin waived a jury trial and was tried before a circuit judge on charges of breaking and entering an occupied dwelling, MCLA § 750.110 (Stat Ann 1962 Rev § 28.305), and receiving stolen property, MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28-.803). The trial judge found the defendant guilty and sentenced him to 7–1/2 to 15 years in prison; from this judgment he appeals.

On January 28, 1968, in response to several radio calls concerning three males who were moving merchandise out of a house into a car, two patrol cars went to the scene. Defendant, in the company of two other men, was seen placing a television set in the rear of a Dodge automobile. The defendant and two others were arrested, warned of their constitutional rights, and conveyed to the police station.

At the beginning of the trial, the prosecutor informed the court that codefendant Eddy Stewart was deceased, and moved to *nolle prosse* as to him, which motion was granted. The other codefendant had pled guilty to a lesser offense. Counsel for this defendant then requested the court to require

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the prosecutor to produce the codefendant as a people's witness, which request was initially refused, but later granted.

Two officers at the scene of the crime testified to the facts as set out in paragraph two above. Defendant Martin testified that, on the date and time in question, he was walking on a street in Highland Park; that he first saw his codefendants when requested by the police officers to come to the car containing the television set; that he had walked past the car when called; and, when questioned by the police officer as to what was going on, he said: "I don't know," and was then advised that he was under arrest.

Under cross-examination, defendant Martin denied assisting the two other men and also denied being in the back of the car with them. He further testified that he had never seen the two men previously and, on questioning by the court, defendant stated that he had noticed nothing about the car except that the lights were on and a single person was present. The codefendant was then called as a witness and he corroborated defendant's testimony.

Defendant alleges that several reversible errors were committed by the trial court.

His first allegation of error concerns the definition of "occupied dwelling" under MCLA § 750.110. Defendant asserts that, inasmuch as the owner was not home on the night of the burglary, there could be no breaking and entering an "occupied dwelling." This issue was decided by this Court in *People* v. *Birts* (1969), 16 Mich App 237, 239, where the Court concluded that a dwelling house is occupied at the time of the breaking and entering if the dwelling is habitually used as a place of abode.

[The statute under which defendant was convicted was amended by PA 1968, No 324, to provide that

a dwelling house "habitually used as a place of abode" is an "occupied dwelling house." The Court, in *Birts,* regarded this "clarifying amendment as expositive of the correct construction of this section prior to the effectiveness of such amendment rather than as changing the meaning of the section," *People* v. *Birts, supra,* 239, 240.]

Defendant also alleges that reversible error was committed during the following exchange:

"*Q. (The Prosecution)* When you were arrested, did you tell the officer that you didn't know these people? ['People' refers to the codefendants.]

"*A. (Defendant)* They never asked me anything, but my name and where I lived.

"*Q.* Did you tell them that you had nothing to do with this?

"*A.* The only time that I spoke to these officers here, they asked me my name and address.

"*Q.* All you did was keep your mouth shut?

"*A.* This officer here told me to shut up, he said, 'Don't say a word to anybody.' That is what he told me."

Defendant contends that these statements were impermissible comment concerning his right to remain silent while he was in custody, as it left the erroneous impression that defendant should have protested his innocence at this time. See *People* v. *Jordan* (1967), 7 Mich App 28. This Court notes that at no time did defense counsel offer any objection to this testimony.

In view of the facts that this case was tried by the judge and, furthermore, that it appears from his findings that he did not rely upon defendant's failure to protest his innocence, we are convinced that the error, if any, complained of did not contribute to defendant's conviction and was harmless beyond a reasonable doubt. *People* v. *Fry* (1969), 17 Mich

App 229; *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705), *reh den,* 386 US 987 (87 S Ct 1283, 18 L Ed 2d 241).

Defendant's other alleged errors are without merit and we decline to discuss them.

Affirmed.