PEOPLE v ANDERSON

CRIMINAL LAW—SELF-INCRIMINATION—CUSTODIAL INTERROGATION—SI-
LENCE.
It is harmless error beyond a reasonable doubt for a trial judge in
a nonjury trial to admit evidence of defendant's silence when
defendant was questioned by police concerning a crime where
the other evidence of guilt is sufficient to sustain a conviction.

Appeal from Oakland, Farrell E. Roberts, J.
Submitted Division 2 January 9, 1973, at Lansing.
(Docket No. 13836.) Decided March 28, 1973.

Edwin C. Anderson was convicted of murder in
the second degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunk-
ett,* Prosecuting Attorney, and *Dennis Donohue,*
Chief Appellate Counsel, for the people.

*William E. Lang,* for defendant.

Before: BRONSON, P. J., and McGREGOR and DAN-
HOF, JJ.

McGREGOR, J. Defendant was convicted, largely
by circumstantial evidence, in a nonjury trial of
the offense of second-degree murder, MCLA
750.317; MSA 28.549, and was sentenced to life
imprisonment.
The trial court made the following finding of

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 638 *et seq.*

facts, all of which were fully substantiated by the evidence:

"At between 10 and 10:30 a.m. in the Township of Highland, Oakland County on the 18th of July, 1970, the defendant was seen stumbling down the road toward his home. At about 11 a.m. or shortly thereafter Dorothy Morrissey crossed the street from the Clement house to go to the Anderson home. Donna Clement, after some minutes, went to the breezeway of the Anderson home to return a bracelet to Dorothy. She testified that she heard Dorothy screaming and crying in the room over the garage. This she reported to her father. Dorothy was not again seen alive.

"Until the defendant arrived at his home that morning he was wearing a gray working uniform. At noon he was found sleeping on the sofa with checkered pants, a T-shirt and wet socks. He also had a loaded shotgun. His wet gray working uniform, when tested later, was found to contain duckweed similar to that in the swamp where Dorothy was found, 55 feet from the northeast corner of the Anderson home. Both doctors Sikorski and Burton testified that death was by strangulation, there being marks on the neck and no water in the lungs.

"When the deceased was found to be missing, the defendant did not join in the search, but left the scene, eventually being arrested at 9:40 p.m. in Bay County. When released the next morning at 10:30 a.m., apparently sober on this Sunday morning, defendant continued to remain in the Bay County area until apprehended at about 9 p.m. that evening. After being warned of his constitutional rights the defendant did not deny this murder, although he did deny a Bay City murder.

"Because of the above and other corroborative evidence, it is clear beyond a reasonable doubt that the defendant Edwin C. Anderson is guilty of murder."

A motion for a new trial was filed by the defendant, averring that his conviction was improper because of the following reasons, among others:

"1. Because the evidence was not sufficient to warrant

a finding of guilty of murder in the second degree beyond a reasonable doubt.

\*   \*   \*

"4. Because the court erred in considering as evidence of guilt the fact that the respondent didn't deny the charge against him when asked by the police if he had murdered the Morrissey girl."

The motion for a new trial was denied.

Defendant bases much of his claim for relief on the excerpt taken out of context from the trial court's finding of facts, alleging as evidence of guilt the fact that the defendant did not deny the charge against him, when asked by the police if he had murdered the Morrissey girl. The trial court had enumerated a page and a half of circumstantial but damning evidence when he mentioned defendant's failure to deny his guilt.

Indeed, if it is determined that the evidence of guilt was sufficient to sustain a conviction, it would appear that any error in regard to admission of the evidence as to defendant's silence was harmless beyond a reasonable doubt. This result would appear to be possible in view of the fact that this case was tried by the court without a jury. If the evidence of defendant's silence was considered by the judge, as it appears was the case, it is possible to conclude that such evidence did not contribute to defendant's conviction, as the judge correctly determined the evidence of murder against the defendant to have been clear beyond a reasonable doubt. See *People v Thomas Martin,* 26 Mich App 359, 362–363 (1970); *People v Wilkie,* 36 Mich App 607, 610, 612 (1971).

Under such circumstances, the error is not reversible.

The other claimed errors are without merit.

Conviction affirmed.

All concurred.