PEOPLE v GUERRERO

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISE OF LENIENCY—PLEA BARGAINS.

A defendant's contention that he was promised that his plea of guilty would be to a reduced charge and that his sentence would accordingly be less is without merit where the record reveals that at the plea-taking proceeding he stated that he was pleading guilty freely, voluntarily and knowingly, and that he responded affirmatively when asked, on several occasions, whether he understood the charge to which he was pleading guilty and whether he understood the maximum penalty, and where the agreement between defendant and the prosecutor was spread on the record.

2. CRIMINAL LAW—PLEA OF GUILTY—PROMISE OF LENIENCY—PRESERVING QUESTION.

A defendant's claim that he was improperly induced to plead guilty by a prosecutorial promise which is not in the record, and which is denied by the prosecutor via affidavit, is not properly before the Court of Appeals for review, and the defendant's affidavit per se is not sufficient reason for remand for an evidentiary hearing.

3. BURGLARY—BREAKING AND ENTERING—OCCUPIED DWELLING—CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTORY CLASSIFICATION.

An habitually occupied residence need not in fact be occupied when broken into in order to constitute a breaking and entering of an occupied dwelling, and the statutory provision imposing a greater sentence for the breaking and entering of any occupied dwelling than for committing the same offense in other structures is not constitutionally infirm as a denial of equal protection; the classification is reasonably related to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 43 ALR3d 281.

[3] 13 Am Jur 2d, Burglary §§ 4, 27.

legitimate objective of protecting the individual in his home and the purported conflict between the statute and the constitutional provision is not so clear and inevitable as to be struck down as unconstitutional (MCLA 750.110).

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 November 13, 1974, at Lansing. (Docket No. 16412.) Decided January 6, 1975.

Eliseo Guerrero was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*Thomas Rasmusson,* for defendant on appeal.

Before: BRONSON, P. J., and D. E. HOLBROOK and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. On December 8, 1972, defendant was convicted upon his plea of guilty to breaking and entering an occupied dwelling with intent to commit larceny,[1] was sentenced to a 7-1/2 to 15 year prison term, and appeals of right.

Without moving to withdraw his plea in the trial court, defendant seeks relief on the basis of his sworn affidavit from the alleged unfulfilled promises of leniencies by the prosecutor which he claims rendered his plea involuntary. Defendant contends that the prosecutor specifically promised that defendant would be pleading guilty to the offense of receiving stolen property, that his sentence would be 3 to 5 or 4 to 6 years, and that

---

[1] MCLA 750.110; MSA 28.305.

charges against his spouse would be dropped or reduced. The record of the plea proceeding belies defendant's first two claims. Defendant expressly stated that he was pleading guilty freely, voluntarily, and knowingly. On several occasions during the plea proceedings the trial court inquired of the defendant whether he understood the charge to which he was pleading guilty, and whether he understood the maximum penalty. Each time the defendant responded affirmatively. There is nothing in the record to indicate that his present assertion ought to be regarded as more credible than his on-the-record plea. *People v Chester Davis,* 41 Mich App 224; 200 NW2d 109 (1972), *lv den,* 388 Mich 781 (1972). This becomes even more evident in light of the fact that the agreement between defendant and the prosecutor was affirmatively spread upon the record.

As to defendant's claim that he was improperly induced by the unrecorded prosecutorial promise that charges against his wife would be dropped or reduced, there is nothing for this Court to review. The defendant states that a prosecutor made the promise, while the prosecutors via sworn affidavit deny the claim. Thus the question is not properly before this Court for review, *People v James,* 52 Mich App 422; 217 NW2d 408 (1974), and the defendant's sworn affidavit per se is insufficient to require that we remand for an evidentiary hearing.

Defendant's contention that the trial court failed to adduce sufficient facts to establish his guilt is entirely unmeritorious. The record of the plea proceeding shows that he admitted breaking and entering the residence and taking two jewelry boxes.

Finally, defendant claims that the statutory provision imposing a greater sentence for the commis-

sion of breaking and entering an occupied dwelling residence, even if the premises are in fact unoccupied,[2] than for committing the same offense in other structures is constitutionally infirm. Apparently, defendant's contention is that such a classification constitutes a denial of equal protection. Prior decisions of this Court have made it clear that an habitually occupied residence need not in fact be occupied when the offense takes place in order to constitute a breaking and entering of an occupied dwelling. *People v Martin,* 26 Mich App 359; 182 NW2d 625 (1970); *People v Collins,* 20 Mich App 571; 174 NW2d 285 (1969); *People v Larson,* 20 Mich App 301; 174 NW2d 82 (1969); *People v Birts,* 16 Mich App 237; 167 NW2d 829 (1969). The classification being reasonably related to the legitimate objective of protecting the individual in his home, and treating all individuals who fall within the class alike, we must conclude that the purported conflict between the statute and the constitutional provision is not so "clear and inevitable" as to be struck down "as unconstitutional". *Township of Dearborn v Dearborn Township Clerk,* 334 Mich 673, 680; 55 NW2d 201 (1952). Cf. *People v Serra,* 55 Mich App 514; 223 NW2d 28 (1974).

Affirmed.

All concurred.

---

[2] "Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years. For the purpose of this section 'any occupied dwelling house' includes one that does not require the physical presence of an occupant at the time of the breaking and entering but one which is habitually used as a place of abode." MCLA 750.110; MSA 28.305.