STATE OF HAWAII, Plaintiff-Appellee *v.* STEPHEN W. LANE, Defendant-Appellant.

NO. 5725

SEPTEMBER 29, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* Defendant was charged with operating a motor vehicle upon a public highway in the District of Honolulu in excess of the posted speed limit in violation of HRS § 291C-102, which reads:

§ 291C-102 *Noncompliance with speed limit prohibited.* (a) No person shall drive a motor vehicle at a speed greater than a maximum speed limit or at a speed less than a minimum speed limit established by county ordinance.

(b) The director of transportation with respect to highways under his jurisdiction may place signs establishing maximum speed limits or minimum speed limits. Such signs shall be official signs and no person shall drive a motor vehicle at a speed greater than a maximum speed limit or at a speed less than a minimum speed limit stated on such signs.

The testimony of the police officer placed the location of the alleged offense as the Pali Highway between Akamu and Wood Streets. The officer also testified that there were speed signs which stated a 35-mile speed limit. There was no evi-

dence, and the record is devoid of information, on the question whether a maximum speed limit had been established by county ordinance or the designated stretch of Pali Highway was subject to the jurisdiction of the director of transportation and the speed signs had been placed by that officer. Defendant moved for judgment of acquittal for failure to show that the speed signs were authorized. In denying the motion, the court stated no reasons. The judgment of conviction adjudges only that defendant "has been convicted of and is guilty of the violation of speeding, to wit, 65 mph in a 35 mph zone."

We are unable to determine from the record before us whether the conviction was for violation of § 291C-102(a) or (b). If the conviction was for violation of § 291C-102(a), proof of judicial notice of the applicable ordinance was required, for which alternative procedures are prescribed by HRS § 622-13. The defendant had moved for judgment of acquittal "on the grounds that the State has not shown that the speed signs that Mr. Lane had passed were authorized speed signs." The speed at which an automobile may be driven on any highway is governed by ordinance or by statute, and speed signs are erected pursuant thereto. Accordingly, we construe the defendant's motion as a demand for proof of the ordinance. The record does not disclose any offer of, or reference to, any ordinance or the taking of judicial notice of any ordinance by the court. *Cf. State v. Shak,* 51 Haw. 626, 466 P.2d 420 (1970). If the conviction was for violation of § 291C-102(b), proof was required that the designated stretch of Pali Highway was under the jurisdiction of the director of transportation and that the speed signs had been placed by that officer. The record does not disclose any offer of evidence on these questions or the taking of judicial notice of any relevant facts. While we express no opinion as to whether we might take judicial notice of any of these facts in our discretion, we would refrain from doing so in this case, where we have not been supplied with the necessary information. AMERICAN LAW INSTITUTE, MODEL CODE OF EVIDENCE, Rules 802, 803 (1942).

HRS § 291C-102 imposes upon the prosecution the bur-

den of proving that a maximum speed limit has been established in one of the two ways specified by the statute. Conviction in the total absence of proof in this respect requires reversal under Rule 52(b), Hawaii Rules of Criminal Procedure.

Reversed.

*Stephen W. Lane,* Defendant-Appellant pro se.

*Dale W. Lee,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, with him on the brief) for Plaintiff-Appellee.