STATE OF HAWAII, Plaintiff-Appellee, *v.* MANFRED CIESLIK, Defendant-Appellant

NO. 7733

DECEMBER 2, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a conviction for speeding under Hawaii Revised Statutes (HRS) § 291C-101. For the reasons stated herein, we reverse.

The issue before us is whether the evidence presented was sufficient to support a conviction under the stated statutory charge. We hold it was not.

Appellant was clocked by radar and issued a traffic citation on June 9, 1979 charging him with speeding in violation of HRS § 291C-101, which provides as follows:

291C-101 *Basic Rule.* No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curb, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic, or by reason of weather or highway conditions.

At the arraignment proceedings the stated charge placed against the appellant was given as follows:

"You are charged by complaint and summons for speeding on June 9, 1979, for no fault insurance occurring on June 9, 1979, in Kailua-Kona, County and State of Hawaii and also, Your Honor, for contempt of Court."

At the trial, no evidence was offered and no findings were made by the court to indicate whether the speed alleged to have been driven by the appellant was reasonable or unreasonable given the existing conditions as required under the statute. The arresting officer could not recall the location of any speed limit signs along the highway in question but testified that it was "pretty straight away." The court found that there were "apparently no actual potential hazards then existing."

At the close of the prosecution's evidence, the defendant moved for judgment of acquittal on the basis of what he termed the State's failure to meet its burden of proof that the speed limits were established and authorized by law. He cited the case of *State v. Lane*, 57 Haw. 277, 554 P.2d 767 (1976), as supporting authority. The court took the matter under advisement and returned a judgment against the defendant for violation of HRS § 291C-101 finding as follows:

[T]he court is satisfied beyond a reasonable doubt that the defendant was traveling the speed of 82 miles an hour and that the speed of 82 miles an hour was greater than is reasonable and prudent under those circumstances and finds him guilty of that particular charge of speeding 82 miles an hour in a 55 mile per hour zone.

However, contrary to appellant's contention, *State v. Lane, supra,* is not controlling here. In our view, *State v. Lane, supra,* stands for the proposition that a conviction under HRS § 291C-102[1] for violation of speed limitations

---

[1] HRS § 291C-102 *Noncompliance with speed limit prohibited.* (a) No person shall drive a motor vehicle at a speed greater than a maximum speed limit or at a speed less than a minimum speed limit established by county ordinance.

(b) The director of transportation with respect to highways under his jurisdiction may place signs establishing maximum speed limits or minimum speed limits. Such

requires the State to prove that speed limit signs are authorized and established in accordance with the statutory requirement. In our opinion a conviction under HRS § 291C-101 does not require the State to prove that speed limits are established pursuant to law. What is required for a conviction under HRS § 291C-101 is sufficient evidence to establish that the speed at which the vehicle is driven is unreasonable given the actual and potential hazards and conditions then existing. Accordingly, the State must submit proof of actual and potential hazards and conditions that would have some bearing on the question of whether a given rate of speed driven by the accused is reasonable and prudent. It is clear from the record before us that no such proof was offered.

On appeal of a criminal conviction, our standard of review is whether there is substantial evidence to support the verdict. *State v. Kahalewai*, 55 Haw. 127, 516 P.2d 336 (1973); *State v. Hernandez*, 61 Haw. 475, 605 P.2d 75 (1980). Lacking substantial evidence to support it, the judgment is reversed.

*Gary M. Pakele (Crittenden & Love*, a Law Corporation) for defendant-appellant.

*Eleanor Mirikitani*, Deputy Prosecuting Attorney, County of Hawaii, for plaintiff-appellee.

---

signs shall be official signs and no person shall drive a motor vehicle at a speed greater than a maximum speed limit or at a speed less than a minimum speed limit stated on such signs.