STATE OF HAWAII, Plaintiff-Appellee, *v.* ALBERT SANCHEZ, Defendant-Appellant

NO. 7949

CRIMINAL NO. 1979-3647

DECEMBER 3, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Defendant-Appellant Albert Sanchez appeals from a district court judgment convicting him of Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-712 (1976). At trial, Sanchez claimed that he acted in self-defense.

The question before us is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence negativing the justification defense. We affirm.

The essential facts are not in dispute: In the early morning hours of July 14, 1979, the appellant and his fellow marines and their friends were drinking at the Pantheon Bar in downtown Honolulu. Willings DeLima, drunk and disoriented, attacked Flores,[1] appellant's fellow soldier, and hit him in the face with a Budweiser beer bottle. Appellant intervened and DeLima, who still had the bottle in his hand, attacked him. They fought for five or ten minutes. Police Officer Powell testified that, attracted by the commotion, he went to

---

[1] At the time of trial, Flores had been transferred to California and did not testify.

the scene and saw appellant "standing over this Hawaiian male and he was kicking him in the face and the guy was rolled up into a ball trying to protect himself"; and that he saw appellant kick DeLima "[t]hree or four times."

Appellant did not deny Officer Powell's testimony but explained that he administered the kicks "just to try to keep [DeLima] down" because he "didn't want him to get up."

HRS §§ 703-304(1) (1976) and 703-300(1) (1976) apply in this situation:[2]

§703-304 *Use of force in self-protection.* (1) . . . the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

§703-300 *Definitions relating to justification.* In this chapter, unless a different meaning is plainly required:

(1) "Believes" means reasonably believes.

Where the defense is justification, once evidence of a fact, or a set of facts, which negatives penal liability has been introduced, the burden is on the prosecution to prove facts negativing the justification defense beyond a reasonable doubt. *State v. Realina,* 1 Haw. App. 174, 616 P.2d 229 (1980).

On appeal of a criminal conviction, the appellate standard of review is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the verdict. *State v. Hernandez,* 61 Haw. 475, 605 P.2d 75 (1980); *State v. Cieslik,* 1 Haw. App. 403, 619 P.2d 1102 (1980); *Realina, supra.*

Thus, the question is whether there is substantial evidence supporting the conclusion that appellant did not reasonably believe that his three or four kicks of DeLima were immediately necessary to protect himself against the use of unlawful force by DeLima. Clearly, the answer is yes. To the extent that appellant actually believed the kicks were necessary, then there is substantial evidence that his belief was not reasonable.

It is reasonable to question why DeLima was not prosecuted for his assault on Flores and for his assault on appellant whereas appel-

---

[2] In this case it is not necessary to decide whether the kicks constituted "deadly force." *See* HRS §§ 703-300(4) (1976) and 703-304(2) (1976).

lant was prosecuted for his excessive defense. However, that question is for the prosecutor to answer. It is not relevant to the issue before us in this case.

Affirmed.

*Milton S. Tani (Leslie Fukumoto and Alvin T. Sasaki* on the briefs), Deputy Public Defenders, for defendant-appellant.

*Lila B. Le Duc (Christine Kurashige* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.