**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000451
30-JUN-2025
07:51 AM
Dkt. 57 SO**

NO. CAAP-23-0000451

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAYDEN JU, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-22-0003158)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Jayden Ju (**Ju**) appeals from the June 28, 2023 Notice of Entry of Judgment and/or Order (**Judgment**) entered against him by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Ju was convicted of a single count of Assault in the Third Degree (**Assault 3**) in violation of Hawaii Revised Statutes (**HRS**) § 707-712 (1)(a) (2014).[2]

---

[1] The Honorable Steven L. Hartley presided.

[2] HRS § 707-712 provides:

> **§ 707-712 Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:
>
> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or
>
> (b) Negligently causes bodily injury to another person with a dangerous instrument.
>
> (2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

Ju raises a single point of error on appeal, contending that there was not substantial evidence presented at trial to support the District Court's conclusion that the State of Hawaiʻi (**State**) had proved beyond a reasonable doubt that Ju's use of force was unjustified.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Ju's point of error as follows:

Ju argues that the District Court erroneously concluded that Ju's use of force was not justified as self-defense based on the court's "misapprehension" that Ju's use of force was not immediately necessary due to the twenty to thirty seconds between when Ju was punched in the nose by someone wearing red and when he used force against Paul Aquino (**Aquino**).

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Calaycay, 145 Hawaiʻi 186, 196, 449 P.3d 1184, 1194 (2019).

It is undisputed that twenty to thirty seconds after Ju was punched by someone wearing red, Ju walked up to Aquino (in a Halloween crowd in Waikīkī) and punched him in the eye, which caused Aquino pain. Aquino was wearing a red shirt. The defense's argument rests upon the use of force being justified.

The use of force for self-protection is codified in HRS § 703-304 (2014) and is a defense to Assault 3. See State v. Sanchez, 2 Haw. App. 577, 578, 636 P.2d 1365, 1366 (1981). HRS § 703-304 states in relevant part:

2

> **§ 703-304 Use of force in self-protection.** (1) Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.
>
> . . . .
>
> (3) . . . a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful action.

HRS § 703-300 (2014) provides definitions relating to justification, including that: "'Believes' means reasonably believes," and "'Force'" means any bodily impact, restraint, or confinement, or the threat thereof." "Unlawful force" is

> force which is employed without the consent of the person against whom it is directed and the employment of which constitutes an offense or would constitute an offense except for a defense not amounting to a justification to use the force. Assent constitutes consent, within the meaning of this section, whether or not it otherwise is legally effective, except assent to the infliction of death or serious or substantial bodily injury.

Id.

"Self-defense is not an affirmative defense, and the prosecution has the burden of disproving it once evidence of justification has been adduced." State v. Culkin, 97 Hawaiʻi 206, 215, 35 P.3d 233, 242 (2001). The Hawaiʻi Supreme Court has consistently held that the test for "[s]elf-defense to a criminal charge contains both a subjective and an objective prong: the defendant must believe that force is necessary, and that belief must be reasonable." State v. Sandoval, 149 Hawaiʻi 221, 237, 487 P.3d 308, 324 (2021).

The crux of this appeal is whether there was substantial evidence to support the objective prong, *i.e.*, the District Court's finding and conclusion that, evaluating the reasonableness of Ju's action from the perspective Ju had at the time, it was not objectively reasonable for Ju to believe that force was necessary.

Here, Ju initially testified, "After I got hit, I was stumbling around. And then I seen somebody else that was wearing red. That was that guy. And I didn't know if that was him or

not."  Ju had been hit in the nose, but did not see who hit him; he did not see the person's face and only saw that the person was wearing red.  It was a crowded Halloween night in Waikīkī.  Later in his testimony, Ju answered in the affirmative when his lawyer asked him if, at the time he struck Aquino, he believed Aquino was the one who had punched him.  However, the District Court also pointed to Ju's testimony that there was a twenty to thirty second gap between when Ju got hit and when he saw Aquino.  Aquino was the first person Ju saw wearing red.  They were walking toward each other.  They made eye contact.  Ju hit Aquino.

Viewing the evidence in the light most favorable to the prosecution, we conclude that there is substantial evidence to support the District Court's conclusion that Ju's belief that force was immediately necessary was not objectively reasonable due to the twenty to thirty second gap between Ju being hit and Ju hitting Aquino, and that self-defense did not apply.

For these reasons, the District Court's June 28, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 30, 2025.

On the briefs:

Cindy Huynh,
Deputy Public Defender,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

4